## J. B. KINSMAN & others *vs.* CHARLES E. KERSHAW.

Suffolk.   November 12, 1875.   WELLS & ENDICOTT, JJ., absent.

A. sent B. to do work for C., and A.'s bookkeeper, after the completion of the work, made out, in accordance with his duty, the bill therefor upon one of A.'s printed bill-heads, which he placed in the hands of B., who demanded and received payment for the work from C. Upon the bill-head was printed in fine type, "All moneys to be paid to the treasurer and bills to be receipted by him." *Held*, in an action by A. against C. to recover for the work, that, in the absence of evidence that C. saw these words, there was evidence of payment to go to the jury.

CONTRACT on an account annexed to recover $34 for work done and materials furnished by the plaintiffs to the defendant. Answer, payment.

At the trial in the Superior Court, before *Allen*, J., the defendant testified that he called on John Babson, one of the plaintiffs, to ascertain the cost of some proposed work ; that Babson said he would send a man to see what it would cost, and that afterwards John Q. Thayer called at the store of the defendant to estimate the probable cost ; that the estimate made was satisfactory to the defendant, and that afterwards Thayer and another man came to his store ; that Thayer superintended the work and acted as foreman, which work, with the materials used, formed the bill sued for ; that some time afterwards Thayer came to his store with a bill made out upon one of the plaintiffs' bill-heads, and demanded payment of the defendant, giving as a reason for demanding payment that the company paid off their men that day ; that the defendant found the bill correct and paid it.   He then offered in evidence the receipted bill, which he testified was the bill Thayer had that day, and upon which he demanded payment ; and it was admitted by the plaintiffs that the signature of Thayer was genuine.

The defendant then called John Babson, one of the plaintiffs, who testified substantially as follows : that he was one of the plaintiffs, and their secretary, treasurer and agent ; that he knew Thayer, and at one time hired Thayer occasionally as a laborer to do work for the plaintiffs ; that Thayer had no other connec tion with the plaintiffs, and had no authority to sell goods or to receive payment for them, and had never, while in the employ of

the plaintiffs, sold goods or received payments for them ; that he was paid by the day, two dollars a day when employed.

The defendant next called R. E. McDonald, formerly a book-keeper of the plaintiffs, who testified substantially the same as the previous witness, as to the nature of Thayer's employment, and that he (McDonald) was in the employ of the plaintiffs as bookkeeper at that time ; that it was a part of his work to make out bills; that Thayer came to him for payment for the labor which he had performed at the defendant's store, and that he, the witness, in accordance with his custom, gave the bill, which Thayer afterwards presented to the defendant, to Thayer, to take to the defendant, for the purpose of getting the defendant to approve the same, if correct, so that he, the witness, might know that Thayer had actually performed the labor charged for, before he paid Thayer ; that Thayer did not return for his pay, and has not been seen since that day, and that the plaintiffs had not paid him (Thayer) for his work up to the time the witness left the plaintiffs' employ.

This was all the evidence bearing on the subject which was offered by either party. The bill produced by the defendant, receipted by Thayer, had at the top, in fine print, the following words : "All moneys to be paid to the treasurer, and bills to be receipted by him ; " but there was no evidence that such printed lines were ever called to the attention of the defendant, or that he ever saw them. At the conclusion of the testimony, the plaintiffs asked the judge to instruct the jury that there was no evidence of payment, and to order a verdict for the plaintiffs. The judge refused to give this instruction, and ruled, in connection with other rulings, "that there was evidence of payment to go to the jury." The jury found for the defendant ; and the plaintiffs alleged exceptions.

*T. M. Babson*, for the plaintiffs.

*H. R. Brigham*, for the defendant, was not called upon.

BY THE COURT. The bill made out upon one of the plaintiffs' printed bill-heads by their bookkeeper in accordance with his duty, and by him put in the hands of Thayer, and by Thayer shown to the defendant, was sufficient evidence of Thayer's authority to justify the defendant in paying him the amount of the bill, if the defendant acted in good faith, and without having ob-

served the words in fine print at the top of the bill requiring all moneys to be paid to the plaintiffs' treasurer. The case was rightly submitted to the jury. *Exceptions overruled.*