KENNETH L. LYNN AND ANOTHER v. NORTHERN FEDERAL SAVINGS & LOAN ASSOCIATION.[1]

January 25, 1952.

No. 35,524.

---
[1]Reported in 51 N. W. (2d) 588.

*Doherty, Rumble, Butler & Mitchell* and *Richard J. Leonard,* for appellants.

*Cummins, Cummins, Hammond & Ames,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Action to recover $4,042.69 claimed to be due plaintiffs from defendant under an agreement arising out of the sale of plaintiffs' homestead in St. Paul. Defendant asserts that prior to the commencement of the action it had paid the amount to plaintiffs' authorized agent, one K. L. Bordner, thereby discharging defendant's obligation therein. Plaintiffs admit that K. L. Bordner received the money from defendant and retained it, but deny that he was their agent for the acceptance thereof.

At the close of the evidence, the jury was instructed to determine whether defendant had established that Bordner was plaintiffs' agent for the purpose of receiving the sum described and to base its verdict upon its determination of this issue. The jury returned a verdict for plaintiffs for the full amount claimed. Subsequently the court, on defendant's alternative motion for judgment or a new trial, granted the motion for judgment notwithstanding the verdict, but denied the motion for a new trial. It is from the order that this appeal is taken.

Shortly prior to May 1948, plaintiffs orally listed their property with K. L. Bordner, Inc., real estate agents, for the purpose of finding a purchaser therefor at $13,500. It was then subject to a first mortgage in favor of defendant, upon which $3,157 remained unpaid. Thereafter John E. Frankson, a salesman employed by K. L. Bordner, Inc., was successful in procuring a purchaser therefor at a price of $12,800. As a result, on May 8, 1948, an earnest

money contract was executed by plaintiffs, as sellers, and by Eleanore L. Dixon and Arthur E. O'Malley, as purchasers. With reference to the purchase price, the contract provided as follows:

"* *. * $500.00 paid in hand and the balance * * * as follows: $5100.00 cash as soon as title is approved; and the balance to be financed by a 1st mortgage of $7200.00 with monthly payments * * *. This sale is subject to purchasers obtain [sic] mortgage at $7200 * * *. Possession to be given purchasers on or before May 15, 1948 or as soon as title is approved. * * * Upon final payment sellers to convey by Warranty Deed."

It was executed as follows:

"K. L. BORDNER, INC.

"Mrs. Eleanore L. Dixon

By John E. Frankson

Arthur E. O'Malley                    AGENTS FOR SELLERS.

PURCHASERS

"Above contract accepted
this 8 day of May, 1948
Kenneth L. Lynn
Florence Newton Lynn
SELLERS."

K. L. Bordner, president of K. L. Bordner, Inc., who had dealt with defendant on prior occasions, thereupon requested defendant to appraise the property so that the purchasers might obtain a loan in the sum of $7,200 secured by a first mortgage thereon. Defendant did so and advised Bordner that it would loan that amount on the property. It was agreed by all parties that $3,157 of the loan proceeds was to be applied in satisfaction of the existing first mortgage, and the remainder, amounting to $4,042.69, was to be paid to plaintiffs as part of the purchase price. It is this latter sum which is in controversy here.

As part of its procedure in making the loan, defendant required that a warranty deed conveying the premises from plaintiffs to the purchasers be left with it prior to disbursement of the mortgage

proceeds. Such a deed was executed by plaintiffs on May 12, 1948. It was delivered to defendant by Bordner on May 18, 1948. On the same date, the purchasers executed and delivered to defendant the first mortgage on the premises in the sum of $7,200 in accordance with the prior commitment of the parties. Defendant thereupon made out its check in the sum of $4,042.69 to "K. L. Bordner, as Agent for Kenneth L. Lynn and Florence N. Lynn" and delivered it to Bordner. No part of this amount was ever delivered to plaintiffs.

Plaintiffs were not present when the mortgage was signed or this payment made. They had had no conversation whatsoever with defendant with reference thereto and had given defendant no instructions, either written or oral, to make the check out to Bordner as agent or to deliver it to him. They had no knowledge as to when the final settlement was to be made. Defendant did not notify them of this payment to Bordner. They had been led to believe that the proceeds of the sale were to be held in escrow by defendant pending the closing of the transaction. They subsequently left St. Paul believing the matter still unsettled and that it would be closed later. About the middle of August 1948, they called upon defendant to determine why they had not been paid. They were then advised for the first time that the check, as above described, had been delivered to Bordner, and that no funds were held for them by defendant. This action followed. It is the contention of defendant that the facts as outlined above established as a matter of law that Bordner was the duly authorized agent of plaintiffs with specific authority to receive and accept payment on their behalf for the warranty deed by defendant, and this is the sole question for determination here.

■ There is nothing whatever in the record indicating that plaintiffs, either orally or in writing, conferred authority upon Bordner to receive payment of the proceeds of the mortgage as their agent. No such direction is found in the earnest money contract, nor is there any evidence that it was mentioned when plaintiffs listed their property with K. L. Bordner, Inc. Plaintiffs' authority ex-

488

tended to K. L. Bordner, Inc., as distinct from Bordner individually, and was limited to procuring a purchaser for plaintiffs' property.

The loan application was executed by the purchasers. By the terms of the earnest money contract, it was incumbent upon them to obtain the mortgage. In requesting defendant to appraise the property and make the loan, Bordner was, therefore, acting as their agent rather than as agent for plaintiffs. Defendant admits that neither of the plaintiffs had any conversation with defendant's representatives with reference thereto. Under such circumstances, we cannot escape the conclusion that, at the most, from defendant's viewpoint, it was for the jury to determine whether defendant had sustained the burden of establishing that plaintiffs had authorized K. L. Bordner to accept payment of the proceeds of the mortgage on the premises. National Radiator Corp. v. Shea, 182 Minn. 342, 234 N. W. 648; 2 Am. Jur., Agency, § 454.

■ Defendant asserts, however, that because the deed was delivered to it by Bordner defendant was justified in paying him the proceeds of the mortgage as plaintiffs' agent. In support of this contention, it relies upon the language in the earnest money contract providing: "Upon final payment sellers to convey by Warranty Deed." This clause in itself, defendant contends, can reasonably be construed as an authorization to pay the proceeds of the loan in cash or by check to whoever delivered to it the deed in question.

We do not believe that the described delivery gave defendant the unrestricted right to make its check payable to Bordner as plaintiffs' agent any more than it would have been empowered to pay the proceeds of the loan to any other messenger delivering the same. In the latter case, under normal business practices, at the most defendant would have made its check out not to the messenger bearing the document, but rather to the principal to whom the amount was due. There was nothing in the agreement with Bordner which gave defendant the right to rely upon any greater authorization than would govern any other situation of this kind. Defendant had received no directions from plaintiffs to make payment to Bordner. It was aware of the fact that Bordner was acting as agent for the

purchasers in obtaining the loan. Since it relied upon the earnest money contract as supporting its acts, it must have been apparent to it that such contract extended only to K. L. Bordner, Inc., and that the actual sale had been induced by Frankson. It would seem that when defendant chose to make its check payable to Bordner as agent for plaintiffs in such a way that he could cash it, it was doing this on its own volition and, presumably, as an accommodation to Bordner rather than to plaintiffs.

The rule has repeatedly been expressed that a broker's authority to sell property ordinarily is not inclusive of the right to receive purchase money therefor on behalf of his principal, and that payment to him therefor does not constitute a payment to the principal, in the absence of such an express or implied authorization. He cannot enlarge upon his authority by the performance of acts in excess thereof without the knowledge of his principal or extend his powers by declarations or assertions with reference thereto. His principal is bound only to the extent of the authority, actual or apparent, which has been conferred upon him. State v. Lawrence, 130 Minn. 10, 153 N. W. 123; White v. Madigan, 78 Minn. 286, 80 N. W. 1125; Thomas v. Swanke, 75 Minn. 326, 77 N. W. 981; Dwight v. Lenz, 75 Minn. 78, 77 N. W. 546; Trull v. Hammond, 71 Minn. 172, 73 N. W. 642; Tournier v. C. B. Snyder Realty Co. 130 N. J. L. 104, 31 A. (2d) 492; Halsell v. Renfrow, 14 Okl. 674, 78 P. 118; Coover v. Cox, 95 Cal. App. 1, 272 P. 343; Camp Realty Co. Inc. v. Jennings, 77 Ga. App. 149, 47 S. E. (2d) 917; Paine v. Mikell, 187 Miss. 125, 192 So. 15; Pampegian v. Richmond, 319 Mass. 216, 65 N. E. (2d) 316, 163 A. L. R. 1206.

There is nothing in the provision "Upon final payment sellers to convey by Warranty Deed," as set forth in the earnest money contract, which can be construed as an authorization for defendant to pay someone other than the sellers referred to therein. Transactions of this kind are normally closed by the delivery of checks rather than cash; and in making payment by check, where an agent is involved, the customary practice is either to make the check payable to the principal or, in rarer instances, to insert both the name

of the principal and of the agent therein. Had either òf such practices been followed, plaintiffs would have been protected. Defendant's deviation therefrom might justifiably be construed as an effort to accommodate Bordner, who had been helpful to it in procuring the mortgage on the property.

■ Defendant cites Vetesnik v. Magull, 347 Ill. 611, 180 N. E. 390, in support of its assertions. There, while the court held payment to an agent released the obligor from further payments to the principal, the decision was reached upon the basis of ratification of the acts of the obligor in making such payment rather than upon a finding that the authority of the agent extended to receiving such payment in the first instance. Likewise, Jones v. Blair, 137 Minn. 306, 163 N. W. 523, relied upon by defendant, is based upon ratification of the agent's acts in receiving payment of the purchase price after knowledge thereof rather than upon authority therefor implied from a contract directing the agent to find a purchaser for his principal's property. Accordingly, such cases are distinguishable from the situation here.

Defendant further makes reference to Restatement, Agency, §§ 62 and 71, as support of its position here. The substance thereof is that authority to receive payment may be inferred from authority to conduct a transaction *if* such receipt of payment is incidental thereto or accompanies or is reasonably necessary for accomplishing the transaction. We feel that the cited sections are clearly distinguishable here, where there was no authority given by plaintiffs at any time beyond that of finding a purchaser for their property, and where there was nothing in the earnest money contract which empowered Bordner to make a conveyance on the part of plaintiffs or to receive payments in conjunction therewith. This is quite distinguishable from a transaction in which the principal gives the agent "a power of attorney to sell and convey land." Restatement, Agency, § 62.

Reversed.

· Mr. Justice Christianson took no part in the decision or consideration of this case.