Bernadine J. LaMantia, Sally Candon, Martin Stricks and
Toby Stricks v. Ronald King, d/b/a Green Mountain
Hideaways Real Estate Agency, Leroy Guyette and
Josephine Guyette

[285 A.2d 741]

No. 116-70

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 7, 1971

*John Parker,* Springfield, for Plaintiffs.

*Parisi & DeBonis,* Poultney, for Ronald King.

*Whitcomb, Clark, Moeser & Zug,* Springfield, for Leroy Guyette and Josephine Guyette.

**Shangraw, J.** The plaintiffs brought a Bill of Complaint in Chancery against the defendants seeking to compel the defendants, Leroy and Josephine Guyette, to perform their obligation to convey certain premises to the plaintiffs. Plaintiffs also sought to compel defendant, Ronald King, to account to them and to the defendants, Leroy and Josephine Guyette, for money received by him from the plaintiffs for the premises. Damages and other proper relief were further prayed for.

Following a hearing held on March 11, 1970, findings of fact were made by the chancellor and it was therein determined that the plaintiffs were not entitled to an order or decree compelling Mr. and Mrs. Guyette to convey to the plaintiffs the premises in question.

An order was issued on August 11, 1970, dismissing the complaint as to the defendants Leroy and Josephine Guyette. The order further provided that the defendant, Ronald King, pay to plaintiffs, $6,000.00 with interest thereon and costs within sixty days from the date of the order.

Prior to the findings and order the defendant, Ronald King, moved to dismiss the action asserting the plaintiffs' remedy,

as to him, was by way of money damages and that the Court of Chancery was without jurisdiction. This motion was denied.

Plaintiffs, as well as defendant, Ronald King, have appealed to this Court from the order.

In their respective briefs the following claims are made by the parties. Plaintiffs urge that they are entitled to specific performance on the part of Mr. and Mrs. Guyette. The defendant, Ronald King, claims that the court erred in denying his motion to dismiss by reason of lack of equity jurisdiction and in making the order requiring the payment of $6,000.00 by him to the plaintiffs. On appeal the Guyettes seek an affirmance of the order.

Following are the undisputed facts as revealed by the findings.

The plaintiffs are residents of the State of New York and were partners in connection with the transaction in controversy. Plaintiffs, Sally Candon and Bernadine LaMantia at all times material were acting on behalf of the partnership. The defendants, Leroy and Josephine Guyette, are husband and wife, and were residents of the Town of Weathersfield, Vermont. The defendant, Ronald King, of Springfield, Vermont, was a real estate broker doing business under the name of Green Mountain Hideaways.

In February 1969, King telephoned Mrs. Guyette informing her that he had a buyer for approximately ten (10) acres of their land in Weathersfield, Vermont, which he could sell for $6,000.00. Mrs. Guyette then told King that she and her husband would sell the property for that amount.

Later, on February 16, 1969, King saw Miss LaMantia in Weathersfield and informed her that the Guyettes would sell the ten (10) acre lot for $6,000.00. The lot was shown to Misses Candon and LaMantia.

On February 21, 1969, Miss LaMantia notified King that the plaintiffs desired to purchase the property and sent him a check for the sum of $600.00 payable to the Green Mountain Hideaways which check contained a notation "for deposit on Guyette land, Weathersfield, Vermont." The check was cashed by King. He retained $100.00 and deposited the balance of $500.00 in an escrow account under his name in the Springfield Branch of the Vermont National Bank.

About March 25, 1969, King advised Mrs. Guyette that he had received a deposit on the land and gave Mr. and Mrs. Guyette a sketch which he had made showing the ten (10) acre lot which the buyers would purchase. Later, on May 3, 1969, King showed the plaintiffs the lot which he had staked out and presented them with a sketch or map which he had made of the premises. He also showed plaintiffs a proposed deed of the premises conveying the property to the plaintiff, Sally Candon, as the grantee.

On May 3, 1969, Miss LaMantia gave King a check for $5,400.00 representing the balance of the purchase price of the lot. This check, as well as the check of $600.00 representing the initial downpayment, were honored upon presentment to Miss LaMantia's bank in New York. King converted and used all of the $6000.00 for his own purposes.

At no time did the plaintiffs obtain a contract in writing to purchase the land from the Guyettes, nor did King have a listing agreement from the Guyettes authorizing him to sell the land or to accept the purchase price on their behalf.

On June 12, 1969, King brought the deed, which he had shown to the plaintiffs, to Mr. and Mrs. Guyette and asked them to execute it. Following its execution, King presented to them his personal check for $5,400.00. The check was dishonored by King's bank and returned to Mr. and Mrs. Guyette by reason of insufficient funds. Later Mrs. Guyette confronted King with this fact. King returned the executed deed to her and told her to "hold this until I make the check good."

The plaintiffs made several attempts to contact King to obtain the deed to the property without success. At the time the Guyettes executed the deed, they did not have actual knowledge that the plaintiffs had paid to King the balance of the purchase price of $5,400.00.

The findings are brought to an end by the following:

18. The Court is unable to find by the required burden of proof that the Guyettes authorized King to accept the purchase price for the property on their behalf.

19. The Court is unable to find by the required burden of proof that all the requirements of the statute of fraud (sic) were met.

20. The Court is unable to find by the required burden of proof that the plaintiffs are entitled to an order compelling the Guyettes to convey to the plaintiffs the ten-acre lot in question.

First in order is whether or not the defendant, King, was acting as agent of Mr. and Mrs. Guyette in accepting the purchase price of the land. This bears on plaintiffs' right to specific performance on the part of the Guyettes.

■■ One who gives another parol authority to sell real estate, does not, as a general rule, thereby confer upon him authority to receive any of the purchase money. *Brown* v. *Aitken*, 90 Vt. 569, 574, 99 A. 265 (1916). The reason for this rule is that inasmuch as a perfected sale of real estate can be accomplished only by a conveyance and authority to convey cannot be conferred by parol, the arrangement only amounts to authority to make a contract for a sale, and does not ordinarily include authority to collect the purchase price. *Brown* v. *Aitken, supra,* 90 Vt. at 574, 575. Payment to an agent does not constitute payment of the principal in the absence of an express or implied authorization. *Lynn* v. *Northern Federal Savings & Loan Association,* 235 Minn. 484, 51 N.W.2d 588, 30 A.L.R.2d 799 (1952).

Where the vendor has  entrusted the agent with the deed for delivery to the vendee, payment of the amount then due to the agent has, in a number of cases, been held to constitute payment to the principal, sometimes on the theory of implied authority and at other times on the basis of apparent authority. See Annot., 30 A.L.R.2d 805, 820, 821 (1953), and cases cited.

In this case the findings reveal that the Guyettes had knowledge that King had accepted a deposit of $600.00 prior to the execution of the deed by them. King was expressly authorized by the vendors to accept $5,400.00 representing balance of the purchase price of the property as evidenced by the following testimony of Mr. Guyette.

Q. Where were you when this deed was presented to you?
A. I was at my home.
Q. And was this the first time you had seen this deed?
A. Yes.
Q. And you and Mrs. Guyette executed it there?
A. Yes.

Q. And do you know who prepared this deed physically?

A. I don't know.

Q. Then subsequent to that time, if my sequence of events is correct, you then authorized Mr. King to deliver the deed to Miss Candon and to receive the money for the balance of the purchase price, is that correct?

A. Yes.

Defendant, Josephine Guyette, further testified concerning the deed as follows:

Q. It was known to you at the time you executed the deed that Mr. King was going to deliver the deed for you to the buyer?

A. Well, yes.

While it may be said that King was not initially authorized to accept the purchase price of the property his conduct in so doing was later expressly authorized and ratified by the Guyettes.

Negative finding No. 18 stating that the court was unable to find by the required burden of proof that the Guyettes authorized King to accept the purchase price is not well founded. The transcript adequately supports the conclusion that they clothed King with authority to receive on their behalf the agreed purchase price of the property and to deliver the deed.

By way of an affirmative defense, defendants, Mr. and Mrs. Guyette, pleaded the statute of frauds. 12 V.S.A. § 1024. This calls into play 12 V.S.A. § 181, which, so far as here material, reads:

> An action at law or in equity shall not be brought in the following cases unless the promise, contract or agreement upon which such action is brought or some memorandum or note thereof is in writing, signed by the party to be charged therewith or by some person thereunto by him lawfully authorized.

Subdivision (5) of § 181, *supra*, relates to a contract for the sale of lands, tenements or hereditaments, or an interest in or concerning them. The Guyettes, in their brief, resort in part to the statute as a defense to plaintiffs' prayer for specific performance on their part.

By finding 19 the court determined that the requirements of the statute of frauds, 12 V.S.A. § 181, *supra,* had not been met. The Guyettes signed the deed in favor of Miss Candon, as grantee, and by so doing were the parties "to be charged" as contemplated by 12 V.S.A. § 181, *supra.*

▇ In the case of *Harper* v. *Battle,* 180 N.C. 375, 104 S.E. 658, 20 A.L.R. 357, 359 (1920), the court held that a written deed describing adequately real property contracted for by parol, formally prepared by the grantor and left with his attorney for delivery on receipt of the price agreed on, is a sufficient memorandum in writing within the intent and meaning of the statute of frauds. See *Clay* v. *Reynolds,* 169 Okla. 416, 37 P.2d 244, 100 A.L.R. 192 (1934). See also Annot., 100 A.L.R. 196, 210 (1936). The foregoing cases are akin to the one now considered. We hold that there has been a compliance with § 181, *supra,* of the statute. The court was in error by holding otherwise.

▇ It is clear that the chancellor should have ordered or decreed that the defendants, Guyettes, specifically perform by a conveyance of the ten (10) acre lot to Miss Candon.

Defendants, Mr. and Mrs. Guyette, concede in their brief that the findings are supported by the evidence, and they contend that no agency, express or implied, existed between them and King. For reasons hereinbefore stated in this opinion, such a claim is untenable.

Finally, we consider King's contention that the chancellor erred by denying his motion to dismiss for lack of equity jurisdiction by claiming that the remedy as to him should have been in a court of law for money damages.

▇▇ The plaintiffs, in their bill of complaint, seek specific performance on the part of the defendants, Mr. and Mrs. Guyette, an accounting by Ronald King to the plaintiffs, and to the defendants, Leroy and Josephine Guyette, damages and other proper relief. The jurisdiction of chancery was rightfully invoked and under such circumstances when equity has taken jurisdiction of a case it will retain it for all purposes and dispose of the whole matter. *Davis* v. *Union Meeting House Society,* 93 Vt. 520, 525, 108 A. 704 (1920); *Olcott* v. *Southworth,* 115 Vt. 421, 425, 63 A.2d 189 (1949). An equity court,

obtaining jurisdiction of a controversy on any ground or for any purpose, will retain jurisdiction for the purpose of administering complete relief. *Scully* v. *Dermody,* 110 Vt. 422, 429, 8 A.2d 675 (1939); *Thompson* v. *Smith,* 119 Vt. 488, 511, 129 A.2d 638 (1957).

Mr. King's motion to dismiss for lack of equity jurisdiction was properly denied by the chancellor.

The Guyettes are entitled to have King account for, and pay over, the proceeds of the sale now properly due and owing the Guyettes.

The order of the chancellor dismissing the complaint as to the defendants, Leroy and Josephine Guyette, and its provisions ordering Ronald King to pay to the plaintiffs $6,000.00 with interest thereon and costs within sixty days must be reversed.

*Reversed and remanded. Let a decree be made consistent with the views expressed in this opinion.*