# The Merchants Bank v. Thomas C. Thibodeau, Irene I. Thibodeau, Guy W. Stone and Eleanor L. Stone

[465 A.2d 258]

No. 82-210

Present: Billings, C.J., Underwood and Peck, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed June 7, 1983

*Matthew I. Katz* and *Karen McAndrew* of *Latham, Eastman, Schweyer & Tetzlaff*, Burlington, for Plaintiff-Appellant.

*Allen D. Webster* of *Lisman & Lisman*, Burlington, for Defendants-Appellees.

**Underwood, J.** The plaintiff, Merchants Bank, filed an action in Chittenden Superior Court to foreclose mortgages held by it on certain premises owned by defendants Thomas and Irene Thibodeau. The defendants Guy and Eleanor Stone were named in the complaint as parties having an interest in the subject premises. The bank alleged that the Stones' interest is subordinate to its mortgage by virtue of a subordination agreement between the parties. The Stones answered the complaint, asserted affirmative defenses challenging the seniority of the bank's mortgage, cross-claimed for foreclosure against the Thibodeaus, and counterclaimed to foreclose the interests of the bank.

The Stones' "Counterclaim and Cross-Claim for Foreclosure" contained a request for a jury trial on all questions relating to the priority of the mortgages and the interpretation of the subordination agreement. The court initially granted a motion by the bank to strike the Stones' jury trial request but then reversed itself and denied the motion. The bank sought an interlocutory appeal from the denial of its motion to strike, and was granted leave to appeal by order of Justice Hill dated May 26, 1982. The issue on which the appeal was allowed is "whether the Chittenden Superior Court erred in granting the Stones a jury trial on their counterclaim?" We answer this question in the affirmative and reverse.

Vermont's statute governing foreclosure of mortgages plainly states that "[a]ll proceedings shall be before the presiding judge alone, and trial shall be without jury." 12 V.S.A. § 4523(c). This statute merely codifies the common law that foreclosure actions are equitable in nature, and that proceedings in equity are triable to the chancellor, *Ross* v. *Shurtleff*, 55 Vt. 177, 181 (1882), now the presiding judge of the superior court. 4 V.S.A. § 219.

The counterclaim and cross-claim filed by the Stones in this action constitute a claim for foreclosure. Their pleadings

track the rule, V.R.C.P. 80.1(b), which sets forth the requirements for a complaint seeking foreclosure. Moreover, the relief requested is that which is sought in any foreclosure action —judgment against the other parties for all sums due and foreclosure of the equities of redemption of the other interested parties. Therefore, it was error for the trial court to grant the Stones a jury trial on their counterclaim. 12 V.S.A. § 4523(c).

■■ The Stones argue that they are entitled to a jury trial since the case involves a legal issue—the construction, validity and effect of a subordination contract. They are correct in stating that a party who files a claim for legal relief, whether in the form of a complaint, counterclaim or cross-claim, and whether filed by itself or in connection with a civil action otherwise seeking only equitable relief, is entitled to a jury trial on the claim for legal relief. *Beacon Theatres, Inc.* v. *Westover,* 359 U.S. 500, 508 (1959). The Stones are not correct, however, when they attempt to extend this doctrine to argue that a party is entitled to a jury trial on every "legal issue" raised, even when raised in the context of a proceeding which seeks only equitable relief. The presence of a legal issue in a case is not a determining factor in deciding whether a jury trial is appropriate. Rather, entitlement to a jury trial is dependent upon the relief requested. If the relief requested is equitable, no right to a jury trial exists.* *Owens-Illinois, Inc.* v. *Lake Shore Land Co.,* 610 F.2d 1185, 1190 (3d Cir. 1979) ; 5 J. Moore, Moore's Federal Practice § 38.17 (2d ed. 1948).

The Stones next argue that our holding in *Quazzo* v. *Quazzo,* 136 Vt. 107, 386 A.2d 638 (1978), requires a jury trial in the instant case. In this regard they maintain that *Quazzo* re-

---

* Note that while no right to a jury trial exists when the relief requested is equitable, V.R.C.P. 39(c) provides that such a trial may still be had under the following circumstances. "In all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury or the court, with the consent of both parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right." V.R.C.P. 39(c). None of these circumstances existed in the instant case and, thus, V.R.C.P. 39(c) is inapplicable.

quires a jury trial on any legal issue raised in the context of a foreclosure proceeding, if the issue could have been raised in an independent action separately filed. The trial court adopted this argument and, finding that the interpretation of the subordination agreement was a legal issue which could have been brought by either party separate and apart from any foreclosure proceeding, ruled that the defendants are entitled to a jury.

Both the Stones and the trial court misread *Quazzo*, In *Quazzo* we held that "counterclaims which, independently brought, would be triable by jury as a matter of right" shall be tried by a jury, if requested. *Id.* at 111, 386 A.2d at 640. This holding is consistent with the general rule that the right to a jury trial is dependent upon the relief requested, and that when the request is for equitable relief no such right exists. *Owens-Illinois, Inc.* v. *Lake Shore Land Co., supra,* 610 F.2d at 1190; 5 J. Moore, *supra.* In other words, "counterclaims which, independently brought, would be triable by jury as a matter of right" are those that seek legal relief. Therefore, since the Stones do not seek legal relief, but only a determination of the priority of their mortgage and foreclosure of any claims of the other parties to the subject premises, they have no right to a jury trial.

*Reversed and remanded.*