## In re Trust Estate of Armand C. ARCHAMBAULT

[520 A.2d 154]

No. 85-511

November 6, 1986. Actions concerning the settlement of trust accounts are equitable in nature, and, when appealed from probate court, are to be heard by the superior court sitting as a court of equity. *In re Weatherhead*, 53 Vt. 653, 658 (1881).

Once invoked, equity retains jurisdiction over the entire action to see that complete relief is administered. *Soucy v. Soucy Motors, Inc.*, 143 Vt. 615, 617, 471 A.2d 224, 225 (1983) (citing *LaMantia v. King*, 129 Vt. 628, 634-35, 285 A.2d 741, 745 (1971)). Entitlement to a jury trial is not determined by the presence of a legal issue in a case, but rather is dependent upon the relief requested; if the relief requested is equitable, no right to a jury trial exists. *Merchants Bank v. Thibodeau*, 143 Vt. 132, 134, 465 A.2d 258, 260 (1983).

Here, the ultimate relief requested is the approval (or disapproval) of the trustee's accounting, a matter that is equitable in nature. There is no right to a jury trial on legal issues raised in connection therewith.

*Affirmed. Remanded for further proceedings.*

## FRANKLIN-LAMOILLE BANK v. Carmi and Doris M. WETHERBY

[520 A.2d 991]

No. 85-499

December 2, 1986. Under the default provisions of article nine of the Vermont Commercial Code, 9A V.S.A. §§ 9-501 to 9-507, a secured party is under no obligation to proceed against the collateral or release its security interest therein before electing to reduce to judgment its claim on the underlying debt. *Farmers Production Credit Association v. Arena*, 145 Vt. 20, 24, 481 A.2d 1064, 1066 (1984). Moreover, the secured party (plaintiff) in this case never took possession of the collateral. Thus, there is no basis in law or fact for defendant's claim that the plaintiff acted in a commercially unreasonable manner by not selling the collateral or releasing its security interest therein before suing on the note.

As the note provided for recovery of a reasonable attorney's fee by plaintiff in the event of a default and action on the note, the fee requested for services rendered in connection with this appeal, in the amount of $271.50, is granted.

*Affirmed.*