Morris v. Goldsmith, No. S1559-02 CnC (Katz, J., Jan. 27, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                          SUPERIOR COURT
Chittenden County, ss.:                   Docket No. S1559-02


DAN MORRIS

v.

J. GRAHAM GOLDSMITH


ENTRY

The issue before us is whether an action for the final accounting of a partnership dissolution sounds in equity or law. Plaintiff has attempted to amend his claims so that they sound strictly in equity within the bounds of Union Bank v. Jones, 138 Vt. 115, 125 (1980). Accountings, however, have not historically sounded strictly in equity. Williams v. Collier, 32 F. Supp. 321, 324 (D.C. Pa. 1940) (noting that suits for accounting traditionally originated in the common law action of account-render). Since the twin cases of Dairy Queen, Inc. v. Wood, 369 U.S. 469, 478–79

(1962), and <u>Beacon Theaters, Inc. v. Westover</u>, 359 U.S. 500 (1959), courts have focused less on the historical sources in exchange for a closer examination of the nature of the underlying proceeding and remedy.  See, e.g., <u>In re Archambault</u>, 147 Vt. 649 (1986).  While <u>Union Bank</u> is correct that accountings for contested partnership sound in equity, it and its antecedents reflect partnership dissolutions with material assets to be allocated.  In the present case, plaintiff seeks money, plain and simple.  Along with the accounting, he seeks money from a breach of fiduciary duty and of good faith.  These claims while pled under the form of accounting and equity are really legal rights.  <u>Dairy Queen</u>, 369 U.S. at 477–78.  Plaintiff does not seek the material assets of the partnership as indeed it does not appear to have any.  It is, therefore, well within the acumen of a jury to make such a finding.  Moreover, it remains defendant's right to have a jury make this finding as damages are a remedy granted under law.

Defendant's demand for a jury trial is granted.


Dated at Burlington, Vermont_____, 2004.



_____
Judge