## In re New Hampshire-Vermont Hospitalization Service (Blue Cross)

[313 A.2d 6]

No. 204-73

Present: Barney, Smith, Keyser and Daley, JJ., and Larrow, Supr. J.

Opinion Filed December 4, 1973

*Kimberly B. Cheney*, Attorney General and *James E. Hirsch*, Assistant Attorney General, for Commissioner of Banking and Insurance.

*Paterson, Gibson, Noble & Brownell*, Montpelier, for New Hampshire-Vermont Hospitalization Service.

**Barney, J.** It has been a long-standing rule of this Court, seldom relaxed, that cases will not be decided piecemeal. See *Turner* v. *Bragg*, 113 Vt. 156, 158, 30 A.2d 450 (1943). It was done in this case only because there were associated cases that shared the jurisdictional issue urged by New Hampshire-Vermont Hospitalization Service (Blue Cross), and, on that account, the issue before us was specially heard by order of this Court.

The single question comes down to the existence or extent of authority in the commissioner of banking and insurance to regulate the rates the New Hampshire-Vermont Hospitalization Service charges its subscribers. The company is incorporated in New Hampshire, and subject to rate regulation there. R.S.A. 419: 1–12. It has been the practice to charge identical rates to subscribers in both New Hampshire and Vermont, based upon jurisdiction exercised by the New Hampshire commissioner. Rate schedules filed in New Hampshire were also filed in Vermont on each occasion of change.

Blue Cross contends that any right to regulate its charges to subscribers by the Vermont commissioner must be found in the following two statutes:

§ 4513. Permit to engage in business; foreign corporations

A hospital service corporation shall not enter into a contract with a subscriber until it has obtained from the commissioner of banking and insurance a permit so to do. A permit may be issued by the commissioner upon the

receipt of an application in form to be prescribed by him. Such application shall include a statement of the territory in which such corporation proposes to seek subscribers, the services to be rendered by it and the rates to be charged therefor. Such application shall also include a statement of the number of subscribers for hospital service. Before issuing such permit, the commissioner may make such examination or investigation as he deems necessary. The commissioner may refuse such permit if he finds that the rates submitted are excessive, inadequate or unfairly discriminatory. A hospital service corporation organized under the laws of another state or country shall not be licensed to do business in this state except as provided by section 4520 of this title.

§ 4520. Reciprocal provisions

A corporation organized under the laws of another state or country which, except as to state of organization, is a hospital service corporation as defined by section 4511 of this title, and which the commissioner finds has fully complied with the laws of such other state or country, shall be entitled to do business within this state, subject to the provisions of this chapter, after obtaining a license as provided by section 4513 of this title. But such corporation organized under the laws of another state or country shall not be entitled to such license, or to do business in this state unless such other state or country grants substantially similar rights and privileges to hospital service corporations organized under the laws of this state. The commissioner shall determine whether rights and privileges granted by other states or countries are substantially similar to those granted by this state, and his determination shall be final.

Because 8 V.S.A. § 4520 contains a reciprocity provision, matched by a New Hampshire enactment, R.S.A. 419:12, Blue Cross argues that there is implied an acceptance of New Hampshire's rate regulation, because New Hampshire imposes on Blue Cross the same regulatory tests of excessiveness, inadequacy or unfair discrimination set out in Vermont's 8 V.S.A. § 4513. It is suggested that, as to a foreign hospital

service corporation eligible to do business here, the authority of the commissioner is limited to the issuance of a permit, if reciprocity exists.

■ To the contrary, this Court finds, under 8 V.S.A. § 4513, authority in the commissioner to examine proposed contracts with the right to refuse a permit for their use if he finds the rates therein to be excessive, inadequate, or unfairly discriminatory. 8 V.S.A. § 4520 requires a corporation organized under the laws of another state to (1) be subject to the provisions of Chapter 123, Title 8, §§ 4511–4522, if it is a non-profit hospital service corporation, and (2) to obtain a license under 8 V.S.A. § 4513. This requirement exists concurrently with the reciprocity provisions, and there is no language of exemption. To be subject to 8 V.S.A. § 4513 is to be subject to the rate examination it refers to.

To hold otherwise is to say that the legislature intended to delegate its own authority to regulate not to a Vermont official, but to a foreign regulatory body. Unless the statutory language compels such a result we will not so read the statute or presume the consequences of such a reading.

■ Enough has been said to confirm in the commissioner regulatory authority over Blue Cross subscriber rates. Other questions, including the propriety of its exercise in this case, the availability of injunctive relief, and the remaining issues raised, will be reserved for disposition when the full appeal is heard on its merits.

*The motion of New Hampshire-Vermont Hospitalization Service to dismiss on the jurisdictional lack of authority in the Commissioner of Banking and Insurance to regulate its subscriber charges is denied, and the balance of the cause ordered on for hearing as provided by order of this Court.*