Daisy J. Turner, Admx., et al. *v.* Alba M. Bragg et al.

January Term, 1943.

Present: Moulton, C. J., Sherburne, Buttles, Sturtevant and Jeffords, JJ.

Opinion filed February 10, 1943.

*Natt L. Divoll, Jr.* and *Herbert S. Avery* for the plaintiffs.

*George L. Daley* and *William R. Daley* for the defendants.

STURTEVANT, J. This is a chancery suit in which the plaintiffs seek an injunction restraining the defendants from trespassing on lands alleged to belong to the plaintiffs. After a trial on the merits

the chancellor filed findings of fact and a decree was entered for the defendants. The case is here on the plaintiffs' exceptions.

That the plaintiffs' bill of exceptions was seasonably filed is not questioned. However, these exceptions have neither been briefed nor argued. The defendants have moved to dismiss the plaintiffs' exceptions and in this Court the plaintiffs have filed: 1, a bill in the nature of a bill of review; 2, a petition for a new trial; and, 3, a motion to remand the case for the reception of further evidence and for other purposes as stated in the motion.

We first take up the defendants' motion to dismiss the exceptions. The first question is whether the motion shall be entertained.

■ Questions of the nature presented by this motion will be heard only in connection with the main question for review, except in extraordinary circumstances. *Int. Products Co.* v. *Marsters et al.,* 96 Vt 243, 244, 118 A 809. However, in this case it appears that the plaintiffs saved twenty-one exceptions to the findings and that the transcript contains four volumes. Thus it appears that proper briefing of the exceptions saved will require a great amount of work and the expenditure of a considerable sum of money, all of which will go for naught if these exceptions are eventually dismissed. Therefore, we are disposed to entertain this motion at this time. It must be understood, however, that we fully indorse the rule of practice above stated and it will be departed from only in exceptional cases. *Int. Products Co.* v. *Marsters et al.,* 96 Vt 243, 244, 118 A 809.

The defendants contend that under chancery rule 39 the plaintiffs had fifteen days from the time the findings were filed to file their exceptions to those findings. They insist that after such fifteen day period had expired, the time for filing exceptions not having been extended within the time fixed by the rule, thereafter the chancellor was without authority to take the case out of the rule and allow the plaintiffs to then file their exceptions to the findings as the chancellor attempted to do in this case. For that reason the defendants contend that the exceptions are without force and should be dismissed.

■ ■ However, chancery rule 54 gave to the chancellor authority to take the case out of the rule. Where the court treats the exceptions as seasonably taken, and certifies them to this court, as was done in this case, no statute being thereby violated, we will not

inquire into the action of that court. *International Products Co.* v. *Marsters et al.*, 96 Vt 243, 245, 118 A 809. Cases cited by the defendants dealing with questions as to the time of filing a bill of exceptions are not here material. We are dealing with the time of saving exceptions and not with the time of filing the bill showing what exceptions have been saved. This motion is without merit.

As to the plaintiffs' bill in the nature of a bill of review, petition for a new trial and motion to remand with direction that the case be reopened for the reception of further evidence, the first question is whether this Court has jurisdiction to entertain any or all of them.

■ Original jurisdiction in all chancery matters is conferred upon the court of chancery, the powers of which are vested in a single chancellor. P. L. 1245. The Supreme Court has only appellate jurisdiction in such matters. *Slason* v. *Cannon,* 19 Vt 219, 220; *Canerdy* v. *Baker,* 55 Vt 578, 581; *Westinghouse Electric Mfg. Co.* v. *Barre & Montpelier Tr. & Pr. Co. et al.,* 97 Vt 306, 309, 123 A 201. Its jurisdiction is statutory, acquired only in the manner provided by statute (Westinghouse case, *supra,* 97 Vt at 309, 123 A 201, and cases cited) and exhausted when the appeal has been considered and judgment or decree entered in accordance with the provisions of P. L. 1325 as amended by no. 39 of the acts of 1937. Westinghouse case, *supra,* 97 Vt at 309, 123 A 201, and cases cited. However, such jurisdiction may be restored on proper petition or motion for rehearing. P. L. 1327-1330; Westinghouse case, *supra,* 97 Vt at 309, 123 A 201.

The plaintiffs contend that the provisions of P. L. 1324, when read in connection with P. L. 1322 and P. L. 1323, clearly give to this Court jurisdiction to issue an interlocutory order remanding the case and directing that it be reopened for the reception of further evidence which is alleged to have come to the plaintiffs' knowledge after the entry of the decree below. These statutes were formerly G. L. 1562-1564 inc.

> P. L. 1324 is as follows: "The supreme court shall hear and determine such appeal and affirm, reverse or modify such order or decree, as justice requires; and it shall have the jurisdiction of a chancellor in causes pending in a court of chancery for making

such interlocutory orders in such causes, on motion and notice thereof, as the circumstances of the case require."

The question as to the scope of the authority to make interlocutory orders, conferred upon this court by P. L. 1324 (G. L. 1564), was considered at length in the Westinghouse case, *supra,* 97 Vt 308-312 inc., 123 A 201. At p. 312 of 97 Vt, at p. 204 of 123 A, it is held that by the provisions of the statute in question it was not intended thereby to extend the appellate jurisdiction beyond what should be necessary to give this Court full control of the matters brought up by the appeal.

■ In chancery cases this Court sits in error only, and lacks the jurisdiction to act as a higher court of equity. *White River Chair Co.* v. *Conn. River Pr. Co. of N. H.,* 107 Vt 519, 524, 181 A 284, and cases cited. As to the status of a case in the court of chancery while questions raised by exceptions are pending in this court see the Westinghouse case, *supra,* 97 Vt at 313, 123 A 201, and cases cited.

■■ From the foregoing it follows and therefore we hold that this Court is without jurisdiction to entertain the plaintiffs' bill in the nature of a bill of review, petition for a new trial or their motion to remand with instructions that the case be reopened for the taking of further evidence. However, it does not follow that the plaintiffs are without a remedy. It is true that this case having been tried and decided by the chancery court and passed to this Court on exceptions, that court has no power to hear the parties further upon any question that has been decided. As to the questions at issue its jurisdiction is closed. Westinghouse case, *supra,* 97 Vt at 315, 316, 123 A 201, and cases cited. But after this Court has considered the questions presented by the exceptions and has handed down its order or decree disposing of them, jurisdiction to entertain a bill of review for newly discovered evidence, subject to the provisions of P. L. 1333, will be restored. Under our practice it appears that such bill may be brought at any time within twenty years from the time of the filing of the final decree, but a long delayed application to reopen a decree is not viewed with favor. *Barnum* v. *McDaniels,* 6 Vt 177, 179 ; *Slason* v. *Cannon,* 19 Vt 219, 220. Also see *Mead* v. *Arms,* 3 Vt 148, 21 Am Dec 581 ; *Blair* v. *Ritchie,* 73 Vt 109, 50 A 807 ; *Brainard* v. *Morse,* 47 Vt 320 ;

*Stevens* v. *Dewey,* 27 Vt 638. It should be noted that when the Mead, Barnum, Slason and Stevens cases were decided the law was as stated in R. S. Chap. XXIV, sec. 22. This section has since been amended into its present form and is now P. L. 1333. Also, when these cases above cited were decided, our practice required that final decrees could not be rendered in this Court but all chancery cases heard here had to be remanded for that purpose. This has been changed by no. 39 of the acts of 1937 amending P. L. 1325. Final decrees may now be entered here or the case remanded for that purpose.

*The defendants' motion to dismiss the plaintiffs' exceptions is denied. The plaintiffs' bill in the nature of a bill of review and petition for a new trial are dismissed and the motion to remand with instruction that further evidence be received is denied, each and all without prejudice to the rights of the plaintiffs. The case stands for hearing upon the plaintiffs' exceptions.*