JOSEPH C. HARLACKER ET AL. *v.* GEORGE G. CLARK, TRUSTEE
U. W. DANIEL W. BURROWS ET AL.

(70 A2d 572)

November Term, 1949.

Present: SHERBURNE, C.J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.
Opinion filed January 3, 1950.

108

*Roland E. Stevens* for the appellees.

*Paul A. Bourdon* for the appellant.

JEFFORDS, J. After our decision in the above entitled case, reported in 115 Vt 261, the probate court found that the net amount of the income which has accrued on the $10,000 trust fund amounted to $3,726.29 and it decreed this amount to Harlacker, administrator of the estate of Annie E. Burrows, and the heirs of her estate. It also decreed the sum of $10,000 to George C. Clark and Elizabeth Burrows as the heirs of Daniel W. Burrows. These findings and decree are dated March 11, 1949.

On March 29, 1949, Clark, as trustee of the $10,000 trust fund, moved to amend the decree. Four changes were asked for. At the time of the hearing on the motion three of the requested changes were withdrawn by the moving party, leaving only number 2 which reads as follows:

> "By showing separately the amount of the income on the trust fund remaining unpaid by the trustee on the day of the death of Annie E. Burrows, the beneficiary, and the amount which accrued after her death as of March 11, 1949."

On April 25, 1949, the requested amendment was denied and an exception to the ruling was allowed the trustee.

On May 12, 1949, Clark and Elizabeth Burrows declared in a writing filed in the probate court that they were "aggrieved by said findings and decree" and appealed from the same to the

Windsor County Court and they moved for an allowance of their appeal and filed a bond as required by the statute. On May 13, 1949, the appeal prayed for was allowed and an order of notice provided for.

The certificate of the judge of probate of the copies of the papers included in the application for the appeal states that the appeal is "from the decree of distribution and order issued by said court."

In the county court Harlacker filed a motion to dismiss the appeal. A hearing was had which resulted in a denial of the motion, with exceptions to the ruling, and the case was passed to this Court for hearing and determination of the exceptions before final judgment.

█ The motion to dismiss reaches only such defects as are apparent on the face of the papers which constitute the appeal. *Fitzpatrick* v. *Taber,* 99 Vt 216, 218, 130 A 587; *Reynolds* v. *Conway,* 61 Vt 313, 17 A 842. The only grounds assigned for such defects assume that the order on the motion to amend was the only ruling of the probate court appealed from. Assuming that this order was appealed from, it is not necessary, in our view of the case, later set forth, to determine whether any of such assigned grounds are valid. It is sufficient for present purposes to note that the decree would not have been altered in any material way if the motion to amend as it finally was presented had been granted. It would have been, in effect, a nunc pro tunc amendment and would merely have disclosed that the amount of the income on the trust fund remaining unpaid on the date of the death of the beneficiary was $2,538.38, as shown in our former opinion in this case, and known to be so by the attorney for Clark as shown by the record; and that the balance of the $3,726.29 fund had accrued since that time. The fund, as decreed, would not have been changed in its amount. Thus it is clear that no harm resulted to Clark by the denial of his motion to amend.

Sec. 3090, V. S. Rev. 1947, under which the appeal was taken reads as follows:

"Except as otherwise provided, a person interested in an order, sentence, decree or denial of a probate court, who considers himself injured thereby, may appeal therefrom to the county court, if application

in writing therefor is made and filed in the register's office within twenty days from the date of the decision appealed from."

From the record it appears that the appeal from the order on the motion to amend was taken within the required twenty day period but it was not so taken to the decree of distribution. As we have already seen, the defendant was not harmed by the ruling on his motion. The real question here is the validity of his appeal from the decree.

The requirements of a valid appeal are statutory and the jurisdiction of the court to which the appeal is taken depends upon a compliance therewith and cannot be conferred by agreement or waiver express or implied. *Holbrook Grocery Co.* v. *Commr. of Taxes,* 115 Vt 275, 282, 57 A2d 118; *Roddy* v. *Fitzgerald,* 113 Vt 472, 476, 35 A2d 668. An appeal from a decision of the probate court must be taken within the time limited by the statute in order to be effective. *Duprey* v. *Harrington,* 103 Vt 274, 276, 153 A 355; *Falfarano* v. *Demasso,* 98 Vt 209, 214, 126 A 394; *Hotel Vt.* v. *Cosgriff,* 89 Vt 173, 175, 94 A 496; *Marshall Bros.* v. *Canaan,* 94 Vt 319, 111 A 343. If there is no statutory authority for the allowance of this appeal, nothing in respect to the decree passed to the county court for review. This is merely an application of the rule that process which is in violation of law is void and confers no jurisdiction. *Roddy* v. *Fitzgerald, supra.*

At the time when Clark filed his motion to amend he took no steps to protect himself from the running of the statutory time for appealing from the decree by, for instance, moving to have the decree stricken off and then reinstated as of the date of his motion. He took the chance that the ruling on the motion would be made within twenty days of the date of the decree as far as his right to appeal from the same was concerned. As this period had expired at the time of the attempted appeal from the decree the county court should have dismissed the appeal insofar, at least, as it applied to the decree. Its ruling on the motion would have been immaterial as far as the outcome of the case is concerned. We have seen that the defendant was not harmed by the denial of his motion nor would have been the plaintiff if the motion had been granted.

While the ground of lack of jurisdiction was not made a ground below for dismissing the appeal, the plaintiff claiming

there was no appeal from the decree, it is here alluded to in his brief. The question of the jurisdiction of the trial court may be raised here for the first time. *Glass* v. *Newport Clothing Co.,* 110 Vt, 368, 373, 8 A2d 651. We will, moreover, dismiss a cause at any stage, whether moved by a party or not, when a lack of jurisdiction is discovered. *Glass* v. *Newport Clothing Co., supra; Re Everett Estate,* 113 Vt 265, 267, 33 A2d 223, and cases cited.

We believe that we should here state that the decree of the $3,726.29 to Harlacker and others is erroneous. It should be apparent from a reading of our previous opinion, above referred to, that we there held that these persons were only entitled to such of the income on the trust fund as was in the hands of the trustee at the time of the death of the beneficiary. Headnote number 2 correctly set forth this holding. The error on the part of the probate court in this respect may be due to the fact that the entry order affixed to the opinion was changed without authority of the Court. This change was made after the opinion had been handed to the reporter of decisions, but without fault on his part. The opinion was published with the order in its changed form. No change has ever been made in the original entry order filed with the clerk which controls. As originally drawn, the word "has" appearing in the third line of the order was "had." This unauthorized alteration was first brought to our attention during our examination of the present case. It is unfortunate it was not discovered in time to notify the probate court, before the entering of the decree, that the entry order as originally certified to that court was the correct one to follow.

*The judgment denying the motion to dismiss the appeal is reversed. The motion to dismiss the appeal to county court is granted and appeal dismissed. To be certified to the probate court.*