## Ward Davis v. Alonzo E. Hodgdon and Edward H. Borga

[329 A.2d 669]

No. 69-73

Present: Barney, C.J., Smith, Keyser and Daley, JJ., and Shangraw, C.J. (Ret.)

Opinion Filed December 3, 1974

*Thomas P. Politano, Esq.*, Wilmington, for Plaintiff.

*Timothy J. O'Connor, Jr., Esq.*, Brattleboro, for Defendants.

Shangraw, C.J. (Ret.), Assigned. In this cause the plaintiff initially sought specific performance on the part of the defendants of a certain purchase and sale agreement dated August 1, 1969, whereby defendant Borga agreed to sell and convey certain real estate of approximately ten acres located in West Dover, Vermont, to plaintiff Davis and defendant Hodgdon for $1,500.00 per acre.

The case was tried by court and during the course of the hearings, the plaintiff amended his complaint to one seeking, in the alternative, monetary damages.

Findings of Fact and Conclusions of Law were issued by the court on February 7, 1973. By its Conclusions the court, in part, determined that "Specific performance is not possible at the present time among the parties to this proceeding." It therefore adjudged that the defendants, Alonzo E. Hodgdon and Edward H. Borga, were each jointly and severally liable to the plaintiff, Ward Davis, in the amount of $5,000.00, plus interest at the rate of 7.5% from April 12, 1972, together with costs taxed and allowed at $58.25.

Defendant Borga has appealed to this Court for review. Plaintiff Davis urges that the judgment of the lower court should be affirmed.

The findings of the court are not challenged, and, to the extent necessary for this opinion, they are herein summarized. To apply on the agreed purchase price, plaintiff Davis deposited with the defendant-owner, Borga, the sum of $5,000.00. The agreement of August 1, 1969, provided that the balance of the agreed price was to be paid on or before 24 months from August 1, 1969. It was understood between plaintiff Davis and defendant Hodgdon that each would pay half of the purchase price, and the property would be split equally between them. Plaintiff and defendant Hodgdon were equal partners in this particular transaction. They had previously formed the Beacon Realty Corporation and had discussed conveying the property in question to that corporation. This did not materialize.

Plaintiff did not know defendant Borga at the time the Deposit Receipt and Sales Agreement was executed. Plaintiff was then living in New York City and was coming to Vermont on weekends. Defendant Borga was a resident of Toms River, New Jersey, and defendant Hodgdon, a resident of Dover, Vermont, had met him earlier in 1969.

In September, 1971, defendant Hodgdon gave Borga a check dated December 7, 1971, in the amount of $10,000.00, representing the balance of the purchase price due under the purchase agreement. The $10,000.00 check from Hodgdon was returned for insufficient funds.

In January, 1972, Davis learned of the $10,000.00 check given Borga by Hodgdon. Davis then wrote to Borga and expressed his concern and continued interest in the property. He also advised Borga that he had broken contact with Hodgdon

and would continue to deal with Borga. Responding, Borga advised Davis that he had "left all arrangements for settlement on this matter" with his attorney, Dorothy Reeve, in New Jersey, and suggested that Davis get in touch with her. On January 31, 1972, Thomas P. Politano, attorney for Davis, wrote to attorney Reeve to make a further offer on his client's behalf.

On March 14, 1972, Dorothy V. Reeve, attorney for defendant Borga, sent a letter to Hodgdon, Davis and Attorney Politano stating that "time is now made the essence of deposit receipt and sales agreement made and entered into under date of August 1, 1969, between said Edward H. Borga, as Seller, and Alonzo E. Hodgdon and Ward Davis, as Buyers . . . ."

Attorney Reeve's letter, in substance, stated that Monday, April 3, 1972, at her office in New Jersey was designated as the time and place fixed for complete performance by the seller and purchasers of the Purchase Agreement of August 1, 1969. It was therein stated that the seller will stand ready, willing, and able to deliver the deed called for by the Deposit Receipt and Sales Agreement at which time the purchasers must stand ready, willing and able to deliver the balance of the purchase price of $1,500.00 per acre ($5,000.00 as a deposit having been previously paid by Davis to Borga), together with interest at the rate of 7.5% on such balance from August 1, 1971. The letter also stated that upon failure of the purchasers to then comply with the foregoing the $5,000.00 deposit shall be retained as liquidated and agreed damages, in accordance with paragraph First of the Deposit Receipt and Sales Agreement of August 1, 1969, and that said Receipt and Sales Agreement shall be of no effect and void.

Shortly before the April 3, 1972, deadline set forth in Attorney Reeve's letter, Davis called Borga relative to completing the transaction and was told by Borga that he had already completed the deal with Hodgdon.

In late 1971, Hodgdon entered into negotiations with two other people in an effort to find a way to complete the transaction with Borga. On December 6, 1971, he signed an agreement with James W. Hough and John P. MacLearn, II, both of Guilford, Connecticut, whereby the latter two individuals agreed to contribute the sum of $10,000.00 "to pay the bal-

ance due to Edward H. Borga of Dover, Vermont, for premises located in West Dover, Vermont . . . said premises to be taken in the name of Hodgdon." Hodgdon agreed to convey the premises to a corporation to be formed by the three parties to the agreement for the orderly development of the premises. For this purpose, the Aaron Corporation was organized.

On March 20, 1972, unbeknown to Davis, Hodgdon jumped-the-gun on Davis and went to New Jersey with a certified check of $10,000.00, representing funds which he had obtained from James W. Hough. On that date Hodgdon obtained a deed from Borga conveying the property in question to Hodgdon in his name alone. The fair market value of the property at the time of closing was $15,000.00.

On the same date, March 20, 1972, Borga obtained from Hodgdon a general release from any claims that Davis might have against Borga under the Deposit Receipt and Sales Agreement, and an agreement that Hodgdon would save Borga harmless therefrom and would assume "any and all responsibility as concerns or respects said Ward Davis, including any and all litigation that might develop between me and said Ward Davis."

Following completion of the transaction with Borga, Hodgdon, on April 7, 1972, conveyed the property to the Aaron Corporation. The deed from Borga to Hodgdon and that of Hodgdon to Aaron Corporation were recorded at the same time in the Dover Town Clerk's office on April 10, 1972.

On May 2, 1972, one (1) acre of the property was conveyed to Earl W. and Shirley K. Stockwell by the Aaron Corporation as compensation for $1,500.00 worth of work that Stockwell had done on the property at Hodgdon's request.

Later, on July 21, 1972, the entire parcel, excluding the one (1) acre owned by the Stockwells, was conveyed by the Aaron Corporation to James W. Hough. Hodgdon stated that he had had a private deal with Hough about developing the corporate property but could not follow through so he lost out.

As appears from the foregoing facts, defendant Borga, by his deed to Hodgdon, initiated a series of conveyances and mortgages which ultimately made the traditional performance of the Sales Agreement difficult and impractical. In the case of *Gerety* v. *Poitras,* 126 Vt. 153–55, 224 A.2d 919 (1966), it was held that where inadequacy of damages is great, and diffi-

culties not extreme, specific performance will be granted, that is, where under the particular circumstances of the case damages are not an adequate remedy.

Here, the court's jurisdiction of the case having been rightfully invoked, it properly retained authority to dispose of the matter by an award of money damages. *LaMantia* v. *King*, 129 Vt. 628, 634–35, 285 A.2d 741 (1971); *Olcott* v. *Southworth*, 115 Vt. 421, 425, 63 A.2d 189 (1949). *See Villeneuve* v. *Lemond & Bovat*, 128 Vt. 345, 346, 262 A.2d 925 (1970).

■ Furthermore, a decree for specific performance of a contract is not a matter of right and rests in the sound discretion of the court. *Rutland Marble Co.* v. *Ripley*, 77 U.S. (10 Wall.) 339, 19 L.Ed. 955 (1870).

To summarize, plaintiff's complaint for specific performance was amended to one seeking, in the alternative, monetary damages. The trial court declined to grant performance and, in turn, awarded damages. Plaintiff is content with the judgment order and urges its affirmance in this Court. Only the plaintiff could request specific performance, not the defendants or either of them. By plaintiff's acquiescence to the judgment order this appeal comes down to the question of the trial court's authority to award money damages. It properly did so.

■ After securing the Sales Agreement in 1969, Hodgdon proceeded to make certain improvements to the property. A well was installed at a cost of $1,135.00, and a road and pond were constructed. Hodgdon estimated that with the improvements, plus the amount of time he spent negotiating the sale, he had about $6,000.00 invested in the property. It is his contention that this constituted a contribution on his part toward the partnership he had with Davis and should go to offset any claim of Davis'. This issue was presented to the lower court by way of an answer and counterclaim. In disposing of the foregoing the trial court took the view that these items did not go toward the purchase price of the property or inure to the benefit of the plaintiff and could not be used as a setoff in this action. Further, that any partnership accounting must be dealt with separately from this proceeding. We agree. In this appeal by Borga, the co-defendant, Hodgdon, filed no briefs in this Court.

On appeal, defendant Borga urges that the action be dismissed as to him, or in the alternative, to remand the case to the lower court for joinder of indispensable parties with a new trial on the merits.

Briefly, Borga claims that the court erred by failing: (1) to join subsequent titleholders as parties; (2) to dismiss the action on the ground of impossibility of performance; (3) to dismiss the action against him in that the controversy involves an accounting between Davis and Hodgdon as partners; and (4) relying on the relationship between Davis and Hodgdon, he claims that certain taxes and interest promised to be paid him by Hodgdon at the time of final sale to Hodgdon should have been allowed as a counterclaim against plaintiff in this action.

By affirmance of the monetary award for reasons set forth in this opinion, comment on the above assignments of error, Nos. 1, 2 and 3, is unnecessary and could be of no consequence to our final disposition of this case. Assignment No. 4 is without merit in that plaintiff was not a party to the final sale from Borga to Hodgdon and therefore did not assume payment of items in question.

*Judgment affirmed.*