## Byron Kelly v. Wilmer D. and Dorothea E. Rhodes

[396 A.2d 130]

No. 212-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed November 3, 1978

Motion for Reargument Denied November 15, 1978

*Thomas P. Wright,* Woodstock, for Plaintiff.

*Martin Nitka,* Ludlow, for Defendant.

**Barney, C.J.** This is an action seeking injunctive relief with respect to certain water rights. Although the relief sought was equitable in nature, the assistant judges participated in the proceedings and signed the order. Since there was no showing that the order was not fully concurred in by the presiding judge, the participation of the assistant judges will be treated as surplusage. V.R.C.P. 83.

The dispute is a narrow one. The plaintiff obtains water for the house he owns from a pipe attached to a water system in the basement of the defendants' home. The water system originates at a spring from which water is piped into defendants' cellar. From there it is pumped into a water line that serves both the plaintiff and premises owned by one Hicks.

Under the chain of conveyances relevant to water rights, the obligation of the defendants is set out by deed in the following language.

> The herein grantors covenant and agree to furnish the herein grantee, for whatever uses and purposes the herein grantee chooses, water from their water system of sufficient volume to be carried by a ½″ pipe.
>
> The herein grantee agrees to pay for such water the annual rental of $18.00.

This language, appearing in a previous deed, has been preserved by reference in subsequent deeds. There is no dispute but that the annual rental has been paid. More importantly, according to the findings, the defendants concede an obligation to provide water to the plaintiff from their supply sufficient to be carried by a ½″ pipe.

The dispute arose when the defendants advised that they were going to discontinue furnishing the water by means of an electric pump. The plaintiff contends that the duty to

"furnish" water, in this instance, based on the practice persisting for more than eight years, included an obligation to continue to pump water to the plaintiff's property in the manner of the past. On that basis he sought injunctive relief.

By stipulation, the parties enlarged the relief sought by the various pleadings. They joined in asking the court to construe the rights and obligations of the parties with respect to the water, including whether or not the defendants had a duty to pump water to the plaintiff and, if not, the measure of the right of the plaintiff to take water from the defendants' system and the manner and maintenance of such taking. This gave the litigation characteristics of a declaratory judgment proceeding, and the trial court undertook to comply. See V.R. C.P. 57. No objection or claim of error is based upon this broadening of the action. Taking that together with the stipulation, the parties are now bound by this exercise of jurisdiction.

The trial court, although it enjoined the defendants from interfering with the plaintiff's right to take water from the defendants' system, in substance found in favor of the defendants. The defendants are, in fact, asking that the judgment be affirmed. It provided that the plaintiff's right to water did not include any obligation on the defendants' part to pump it into the plaintiff's system under pressure.

The order confirmed the plaintiff's right to a supply of water from the defendants' system measured by the capacity of a ½" pipe. It gave the defendants the privilege of delivering that quantity of water at any point in the system they desire, including at the well. The order went on to provide that if delivery was made on the defendants' premises the plaintiff had the right to enter upon these premises to install, without damage to the well or water supply, a ½" pipe to receive the deeded quantity of water, and to repair and relay the same.

This construction of the covenant does, in fact, measure correctly the responsibility of the defendants in furnishing water to the plaintiff. Although they may pump it into his system if they wish, there is nothing that requires that the water be delivered under pressure. The language does not compel it.

The appropriate quantity of water must be made available to the plaintiff from the defendants' system, but, so long as that responsibility is performed, no particular manner of compliance is compelled.

*Judgment affirmed.*