## Betty A. Suitor v. Frank Suitor

[400 A.2d 999]

No. 89-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed April 3, 1979

*Kolvoord, Overton & Wilson,* Essex Junction, for Plaintiff.

*John H. Jackson,* Burlington, for Defendant.

**Per Curiam.** The parties instituted contempt actions against each other in the Chittenden Superior Court, alleging violations of child custody, visitation and support orders, contained in an amended decretal order dated May 30, 1975. The cause was heard on January 19, 1978, in the absence of the assistant judges upon the agreement of counsel and with the consent of the superior judge. Both parties were found to be in contempt, but no punishment was imposed. The defendant, however, was ordered to pay the sum of $1,217.50 in child support which the judge found to be in arrears. He was further ordered to send their minor child, who was living with him in Vermont, to the plaintiff for a month-long visit during the summer of 1978. The defendant appeals, contending that the judge abused his discretion in determining the so-called back support arrearages and in modifying the visitation period. We reverse and remand on jurisdictional grounds.

■■ As previously noted, both contempt petitions were brought to the superior court and not to a single superior judge. See 12 V.S.A. § 122. A contempt petition is a proceeding in the original action. *Macdermid* v. *Macdermid*, 116 Vt. 237, 245, 73 A.2d 315, 320 (1950). Jurisdiction over the subject matter of a suit cannot be conferred by agreement or consent of the parties when it is not given in law. *Gerdel* v. *Gerdel*, 132 Vt. 58, 65, 313 A.2d 8, 12 (1973). The power of the court to deal with the subject matter of this controversy can be generated only by force of law, and it is unaffected by agreement or conduct of the parties. *Lafko* v. *Lafko*, 127 Vt. 609, 612, 256 A.2d 166, 168 (1969).

■ The superior court consists of a presiding judge and two assistant judges, any two of whom shall be a quorum. 4 V.S.A. § 111(a). Neither of the assistant judges participated in the hearing or decision of this matter. 4 V.S.A. § 112, as in effect when this cause was heard on January 19, 1978, authorized one judge to try and determine a pending cause only when the other judges were disqualified. No showing has been made here that the assistant judges were disqualified. It follows then that the superior judge, albeit the presiding judge, did not constitute a statutory court. Although 4 V.S.A. § 112 has been amended, by 1977, No. 235 (Adj. Sess.), effective July 1, 1978, to permit the presiding judge of a superior court to try and determine a cause when the other judges are disqualified or are otherwise unavailable, the amendment is not applicable to the matter before us.

Because the judge was without statutory authority to hear the cause, his purported order is without basis in law. The reasoning expressed in this opinion also applies to his apparent attempt to modify visitation privileges as set forth in the order previously referred to. See 15 V.S.A. §§ 292, 757.

For the foregoing reasons, we will not pass upon the claims of error advanced by the defendant.

*The order of the superior judge dated January 23, 1978, is vacated and set aside. Cause remanded.*