### John H. Pockette and Eleanor B. Pockette v. Catherine F.
### LaDuke d/b/a LaDuke's Restaurant

[432 A.2d 1191]

No. 320-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed June 2, 1981

*Jeffrey T. Smith,* Brandon, for Plaintiffs.

*Joseph M. O'Neill,* Rutland, for Defendant.

Hill, J. This case calls upon us to clarify the role of assistant judges in equity cases pending before a superior court. A brief recitation of the facts reveals the necessity of the rule we lay down today.

Defendant installed an oil tank on plaintiffs' property without permission or warning. Over four years later, plaintiffs filed suit in Rutland Superior Court for an injunction to have the tank removed and for damages and costs. Plaintiffs alleged they were without adequate remedy at law. Defendant answered with a general denial and an affirmative defense sounding in laches.

Following a hearing held before a presiding superior judge

and the two assistant judges, defendant was ordered to remove the oil tank and pay $3,000.00 in damages plus costs. The presiding judge dissented in the damage award.

Defendant moved for a clarification of the notice of decision, which was granted. From the subsequent judgment order, defendant moved for an amendment of the decision pursuant to V.R.C.P. 59(e), or, in the alternative, for a partial new trial. Defendant claimed that the defense of laches was not considered by the court and that the damage award was without foundation.

The court rejected both the motion to amend judgment and the motion for a new trial. The presiding judge, however, dissented in part, writing that a new trial should be granted to reconsider both the laches defense and whether the damage award was based on corroborated evidence.

Defendant on appeal claims, *inter alia*, that, as this case sounds in equity, the assistant judges should not have participated. Certainly, this case clearly sounds in equity. See *Gerald Park Improvement Ass'n. v. Bini*, 138 Conn. 232, 236, 83 A.2d 195 (1951).

4 V.S.A. § 219 states:

> All rights, powers and duties of a chancellor shall vest *exclusively* in the presiding judges of the superior court and the powers and jurisdiction of the courts that were heretofore vested in the courts of chancery shall vest in the superior court. (Emphasis added.)

The statute dictates that a presiding superior court judge— alone and exclusively—shall hear cases in equity. Assistant judges have no role in these matters, and their presence is improper.

Although the participation by the assistant judges apparently went without formal protest from either party, the procedural defect in the case at bar is not thereby remedied. See *Gerdel v. Gerdel*, 132 Vt. 58, 65, 313 A.2d 8 (1973). A superior court constituted with one presiding judge and two assistant judges is without jurisdiction to hear a case sounding in equity. Only a court with a presiding judge sitting alone has such power. And jurisdiction cannot be conferred by agreement or consent of the parties

628

when as a matter of law that jurisdiction is lacking. *Suitor v. Suitor*, 137 Vt. 110, 111, 400 A.2d 999 (1979). "The power of the court to deal with the subject matter of this controversy can be generated only by force of law, and it is unaffected by agreement or conduct of the parties." *Id.*

█ The responsibility for guaranteeing that a properly constituted court is entertaining a particular suit clearly falls upon the presiding judge. He cannot shift his responsibility to the parties, their attorneys or the assistant judges. Further, there is usually no way to measure the influence assistant judges may have on a presiding judge, even on matters which are unanimously decided. In this case, the usual situation is even worse. More than influence is definitely present here; the judgment order is contrary to the expressed views of the presiding judge, whose view should have been the only one, and controlling.

Since the court as it was constituted was without jurisdiction to hear this case, we must remand for a retrial on all matters still at issue.

*Reversed and remanded.*