## The Travelers Insurance Company v. Jean Carol Blanchard and Sheyanne Baker and Shawn Baker

[433 A.2d 296]

No. 270-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed June 2, 1981

*Fink and Birmingham, P.C.*, Ludlow, for Appellant.

*Eugene Rakow* and *Peter C. Montagne* (On the Brief), of *Biederman, Rakow & Donnellan, P.C.*, Rutland, for Appellees.

**Larrow, J.** This is an action of interpleader under V.R.C.P. 22, brought by the Travelers Insurance Company (Travelers) to determine entitlement to a death benefit payable upon the life of one Oren E. Baker. Despite the clearly equitable nature of the relief sought, it was heard below by the presiding judge and the assistant judges of the Rutland Superior Court. Fortunately, no claim of error is predicated upon this, and their decision was a unanimous one. *Pockette* v. *LaDuke*, 139 Vt. 625, 432 A.2d 1191 (1981).

The defendants, Sheyanne and Shawn Baker, are minor

children of the decedent. Defendant-appellant Jean C. Blanchard was the named beneficiary on the group policy in question at the time of Baker's death. The pertinent facts were stipulated below, as was the payment into court of the $8,000 policy proceeds, less costs and attorney fees, and the release of Travelers. The trial court found the minor children entitled to the net proceeds, and defendant Blanchard has appealed. A certified question, also agreed to, raises the issue of entitlement under the facts hereinafter summarized.

A temporary order was entered in a divorce action brought by his then wife against Baker, pursuant to stipulation, on July 14, 1977. Among other matters (*i.e.*, custody, visitation, possession of property and support) Baker was ordered to maintain existing health, life, and dental insurance for the minor children. By final judgment dated May 16, 1979, and again pursuant to stipulation, it was ordered:

> 5. Plaintiff and Defendant shall each maintain their present life insurance policies and name their present minor children as beneficiaries thereof during their minority.

Sheyanne and Shawn Baker are such minor children. The policy in issue here is one of two such policies, a group insurance policy with Baker's employer. The order contained a property division, gave child custody to the mother, and "in consideration of the foregoing" relieved Baker of further child support. Jean C. Blanchard was a "close friend" of Baker; they had formulated plans to marry. On October 4, 1977, after the temporary stipulation and order, but before the final stipulation and order, Baker executed a form changing the beneficiary on the policy in question to Blanchard, and designating her as "friend." He died August 16, 1979. She claims the proceeds on the basis of this change of beneficiary, and asserts equitable interests in such proceeds. The children claim by virtue of the divorce orders and their equitable interests.

■■ It is apparent at the outset that Blanchard's claim must rest upon the change of beneficiary alone. She asserts in her brief that she and Baker had lived together some two years before his death, that she had contributed to their household expenses, and that they were to be married two days after

the date on which he was killed by his divorced wife. Whatever "equities" could be said to have arisen from this continuing relationship with a man still legally married, they are not for consideration in this case, because they were neither found nor put into evidence below. The parties have stipulated that no transcript is required, and the case was tried on an agreed statement containing none of these asserted facts. Having so stipulated, defendant Blanchard is bound by her stipulation, and cannot assert factual claims whose inclusion, or admission into evidence, she could have otherwise insisted upon. *C. & T. Discount Corp.* v. *Sawyer,* 123 Vt. 238, 185 A.2d 462 (1962). We can here indulge only necessary inferences from the agreed facts, *Manley Bros.* v. *Bush,* 106 Vt. 57, 169 A. 782 (1934), and the claims here asserted are far from that description. From all that appears, the defendant Blanchard was only a volunteer, not entitled to prevail over equities in the minor children supported by recognized consideration. *Travelers Insurance Co.* v. *Gebo,* 106 Vt. 155, 170 A. 917 (1934). Her extensive argument that the insurer has a contractual obligation to make payment to her and to no one else must fail in light of the clear holding of *Gebo.* Whatever relevance it might have to the situation of an insurer seeking protection where it has paid the named beneficiary without knowledge of opposing claims, that is not the case at bar. The insurer knew of all claims, and properly sought its appropriate equitable remedy.

Nor can there be any claim that there were no equities in the minor children, or that these equities were unsupported by consideration. In exchange for provisions in the judgment favorable to him, the decedent undertook to make them his beneficiaries. He had made such an undertaking in the previous stipulation, and violated it. The final judgment relieved him of further child support, certainly adequate consideration for his undertaking with respect to his insurance. The equities in favor of the minor children are not only dominant on the facts as stipulated; they would also certainly predominate over any unproven equities claimed to arise from the meretricious relationship between the decedent and the claimant Blanchard. The named beneficiary and unsuccessful claimant in *Gebo* was an innocent brother; the *Gebo* holding, for that

reason, militates even more strongly against the claimant here. Affirmance is required.

*Judgment affirmed.*