Diane T. Soucy and Richard L. Zeglen, d/b/a Jake's Yamaha
v. Soucy Motors, Inc. and T & I Corporation

[471 A.2d 224]

No. 82-139

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed December 12, 1983

*Melvin D. Fink* and *Barry J. Polidor* of *Fink & Birmingham, P.C.*, Ludlow, for Plaintiffs-Appellants.

*Parker, Lamb & Ankuda, P.C.*, Springfield, for Defendants-Appellees.

Underwood, J. Plaintiffs appeal an adverse judgment rendered by the Windsor Superior Court in favor of the defendant Soucy Motors, Inc., on its counterclaim for delinquent rent. Plaintiffs first brought suit seeking an ex parte temporary restraining order, a preliminary and permanent injunction, and damages, for an alleged wrongful "lock out" from the premises they had been occupying under a claimed sublease from the defendant Soucy Motors, Inc. The court granted a temporary restraining order. The jurisdiction of the court (comprised of the presiding judge and the two assistant judges) that heard the petition for a temporary restraining order and the validity of that order, however, were resolved below by stipulation and are not now challenged on this appeal. Plaintiffs appeal only from a subsequent judgment, rendered by the presiding judge and one assistant judge,[1] on the counterclaim of defendant Soucy Motors, Inc., for delinquent rent.

Plaintiffs advance two arguments on this appeal. First, they declare that the trial court erred in failing to consider all of the facts and surrounding circumstances of a general re-

---

[1] The second assistant judge was absent from this phase of the court proceedings because of illness.

lease, by which they claim the defendant Soucy Motors, Inc., released them of any obligation to pay rent. Second, they contend that the trial court, sitting in equity, had no jurisdiction to decide the case because one assistant judge participated with the presiding judge in the findings, conclusions, and judgment order. We agree with plaintiffs' second argument and reverse and remand for a new trial; therefore we do not reach the issue concerning the general release.

Neither party challenged the jurisdiction of the trial court below. Plaintiffs raise the issue of an improperly constituted trial court before this Court for the first time. Although generally we will not entertain an issue which was not raised below, "[t]he question of the jurisdiction of the trial court may be raised here for the first time." *Harlacker* v. *Clark*, 116 Vt. 107, 111, 70 A.2d 572, 574 (1950). "[O]bjections to jurisdiction over the subject-matter in litigation are always timely." *Berry* v. *Arnoldware-Rogers, Inc.*, 127 Vt. 188, 192, 243 A.2d 781, 784 (1968) (Barney, J., on motion for reargument).

Plaintiffs initiated this action by requesting a temporary restraining order; this invoked the court's equitable jurisdiction. See *In re Crescent Beach Association, Inc.*, 126 Vt. 448, 451, 236 A.2d 497, 499 (1967). Once invoked, equity retains jurisdiction over the entire action to see that complete relief is administered. *LaMantia* v. *King*, 129 Vt. 628, 634–35, 285 A.2d 741, 745 (1971). See *Davis* v. *Hodgdon*, 133 Vt. 49, 53, 329 A.2d 669, 672 (1974). When defendant Soucy Motors, Inc., counterclaimed for delinquent rent, the action was already under the court's equitable jurisdiction, and this was not disturbed by the defendant's legal counterclaim.

In *Pockette* v. *LaDuke*, 139 Vt. 625, 432 A.2d 1191 (1981), we held that the trial court, composed of the presiding judge and two assistant judges, was without jurisdiction under 4 V.S.A. § 219[2] to hear a case that sought injunctive relief and money damages. Furthermore, we noted that:

---

[2] 4 V.S.A. § 219 provides:

All rights, powers and duties of a chancellor shall vest exclusively in the presiding judges of the superior court and the powers

The responsibility for guaranteeing that a properly constituted court is entertaining a particular suit clearly falls upon the presiding judge. He cannot shift his responsibility to the parties, their attorneys or the assistant judges.

*Id.* at 628, 432 A.2d at 1192. Section 219 is jurisdictional in nature, and "[a] superior court constituted with one presiding judge and two assistant judges is without jurisdiction to hear a case sounding in equity. Only a court with a presiding judge sitting alone has such power." *Id.* at 627, 432 A.2d at 1192. We are not disposed to retreat from *Pockette*, and we reaffirm its holding today.

Defendants rely on a number of post-*Pockette* decisions to support their argument for jurisdiction. All involve assistant judges hearing cases in equity. In *Swanson* v. *Bishop Farm, Inc.*, 140 Vt. 606, 443 A.2d 464 (1982), this Court indicated that the presence of assistant judges in equity was error, but labelled it "harmless error." *Id.* at 611–12, 443 A.2d at 466. The Court pointed out that 4 V.S.A. § 219 was the source of the error, and warned the trial court "to make sure that it is properly constituted especially in cases seeking equitable relief." *Id.* at 612, 443 A.2d at 467. Virtually the same observations and warning were made scarcely three months earlier in *Braun* v. *Humiston*, 140 Vt. 302, 305, 437 A.2d 1388, 1389 (1981) (harmless error for assistant judges to sit in equitable matters, unless record shows active participation). Evidently this warning has gone unheeded.

On the same day that *Humiston* was handed down, this Court observed that "[i]t should be noted again this was an equitable action and the assistant judges should not and cannot participate therein." *White Current Corp.* v. *State,* 140 Vt. 290, 291, 438 A.2d 393, 394 (1981). Immediately afterward, however, the Court found the error to be harmless. *Id.*

Finally, two months before *Humiston* and *White Current* were handed down, the Court purported to distinguish *Pock-*

and jurisdiction of the courts that were heretofore vested in the courts of chancery shall vest in the superior court. District and probate judges shall have the powers of a chancellor in passing upon all civil matters which may come before them.

*ette* and limit it "to situations where improper constitution of the court may have affected the eventual result." *Brower* v. *Holmes Transportation, Inc.,* 140 Vt. 114, 118, 435 A.2d 952, 954 (1981). Under this reasoning, jurisdictional error becomes "harmful" only after this Court has found it to have affected the results. This is an untenable notion of jurisdiction, and we abandon it today.

Taken together, *Swanson, Humiston, White Current* and *Brower* leave undisturbed the jurisdictional nature of 4 V.S.A. § 219 as explained in *Pockette,* but find a harmless error exception to jurisdiction by factually distinguishing *Pockette.* The idea that jurisdiction itself may turn upon such factual niceties is as novel as the very notion of a harmless error exception to jurisdiction. Under such reasoning this Court would face the illusive task of scouring transcripts and other records from below for "influence" that may "affect" the results. Only then would jurisdiction be affected. We cannot adhere to this course and overrule *Swanson, Humiston, White Current,* and *Brower* to the extent they are inconsistent with *Pockette.*

The legislature did not speak in equivocal terms in 4 V.S.A. § 219: "*All* rights, powers and duties of a chancellor shall vest *exclusively* in the presiding judge . . . ." (emphasis added). *Pockette* best implements this legislative mandate. The converse situation is true as well. In *Suitor* v. *Suitor,* 137 Vt. 110, 111, 400 A.2d 999, 1000 (1979), this Court reversed and remanded an order of the Chittenden Superior Court because the presiding judge acted on a contempt proceeding without the assistant judges. Under 4 V.S.A. § 112 this Court observed "that the superior judge, albeit the presiding judge, did not constitute a statutory court. . . . Because the judge was without statutory authority to hear the cause, his purported order [was] without basis in law." *Suitor, supra.* Just this past September, we reversed and remanded a case in which the court was improperly constituted under 4 V.S.A. § 111(a). *Vermont Union School District No. 21* v. *H. P. Cummings Construction Co.,* 143 Vt. 416, 469 A.2d 742 (1983). There we held, "Compliance with 4 V.S.A. § 111(a) is a *jurisdictional prerequisite* to the hearing of any case . . . ."

*Id.* at 422, 469 A.2d at 746 (emphasis added). Although that case involved a situation in which the assistant judges were absent when they should have been present, the Court noted that "orders issued from an improperly constituted court are *void,* since they lack any basis in law." Id. (emphasis added). Since jurisdiction is a prerequisite to the power of a court to hear a case, there can be no harmless error.

Analogous support for the jurisdictional mandate of § 219 may be gained from the provisions of 4 V.S.A. § 111(a):

> In claims for equitable relief and claims which before the effective date of section 219 of this title were triable only by the court of chancery, *trial shall be by the presiding judge sitting alone.* (Emphasis added.)

When the pertinent statutes and case law are read together (§ 219, § 111 and *Pockette*), there can be little doubt that the Legislature intended "claims for equitable relief" to be heard, considered, and decided by the presiding judge alone. This authority admits of no harmless error exception to the superior court's equitable jurisdiction.

■ In the instant case, the court's equitable jurisdiction was clearly invoked: a temporary restraining order—an injunction—is a fundamental equitable remedy. *Crescent Beach, supra.* A legal counterclaim will not upset the court's equitable jurisdiction. The hearing on the restraining order and the hearing on the delinquent rent counterclaim, although held on different dates, were part of one action under the court's equitable jurisdiction. The presence of even one assistant judge during the latter hearing was reversible error, since the court, as constituted, had no jurisdiction to hear the case.

*Reversed and remanded.*

**Gibson, J.,** dissenting. I must dissent from the majority opinion. The jurisdictional issue has been resolved previously by this Court, and in deviating from the established case law the majority is opening a Pandora's box that will cause myriad troubles to litigants, bench and bar for years to come.

The controversy revolves around 4 V.S.A. § 219, which provides:

All rights, powers and duties of a chancellor shall vest exclusively in the presiding judges of the superior court and the powers and jurisdiction of the courts that were heretofore vested in the courts of chancery shall vest in the superior court. District and probate judges shall have the powers of a chancellor in passing upon all civil matters which may come before them.

The majority rely on *Pockette* v. *LaDuke*, 139 Vt. 625, 432 A.2d 1191 (1981), which holds that "[a] superior court constituted with one presiding judge and two assistant judges is without jurisdiction to hear a case sounding in equity." *Id.* at 627, 432 A.2d at 1192. Not mentioned in the majority opinion is a subsequent case that was also reversed on jurisdictional grounds because two assistant judges sat in an action for specific performance and participated in the making of findings of fact and conclusions of law. *Maskell* v. *Beaulieu*, 140 Vt. 75, 435 A.2d 699 (1981).

There is no question but that in superior court all authority in equitable matters vests exclusively in the presiding judge. The assistant judges have no decision-making or any other power in such matters. The majority of this Court, however, have confused the privilege of sitting and listening to the evidence with the power to render a decision.

In a long line of cases, including four decisions subsequent to *Pockette*, this Court has consistently refused to find jurisdictional defect where the presiding judge has been joined by the assistant judges in the unanimous decision of an equitable matter. *Swanson* v. *Bishop Farm, Inc.*, 140 Vt. 606, 443 A.2d 464 (1982); *Braun* v. *Humiston*, 140 Vt. 302, 437 A.2d 1388 (1981); *White Current Corp.* v. *State*, 140 Vt. 290, 438 A.2d 393 (1981); *Brower* v. *Holmes Transportation, Inc.*, 140 Vt. 114, 435 A.2d 952 (1981); *Travelers Insurance Co.* v. *Blanchard*, 139 Vt. 559, 433 A.2d 296 (1981); *Nugent* v. *Shambor*, 138 Vt. 194, 413 A.2d 1210 (1980); *Kelly* v. *Rhodes*, 136 Vt. 534, 396 A.2d 130 (1978); *Villeneuve* v. *Bovat*, 128 Vt. 345, 262 A.2d 925 (1970). These cases have found either that the participation of the assistant judges was unnecessary and may be "treated as surplusage," *Kelly* v. *Rhodes, supra,* 136 Vt. at 535, 396 A.2d at 131; *Villeneuve* v. *Bovat, supra,* 128 Vt. at 346, 262 A.2d at 926; that the decision was unani-

mous and the presence of the assistant judges was harmless error, *Swanson* v. *Bishop Farm, Inc., supra,* 140 Vt. at 611–12, 443 A.2d at 466; *Braun* v. *Humiston, supra,* 140 Vt. at 305, 437 A.2d at 1389; *White Current Corp.* v. *State, supra,* 140 Vt. at 291, 438 A.2d at 394; or that improper constitution of the court did not affect the eventual result and, therefore, presented no ground for reversal, *Brower* v. *Holmes Transportation, Inc., supra,* 140 Vt. at 118, 435 A.2d at 954.

In *Brower,* the Court went so far as to distinguish its holding in *Pockette,* stating:

> Nor does it appear why the assistant judges sat in a case where specific performance was requested. V.R.C.P. 83(1). But we are presented with no grounds for reversal. This case is clearly distinguishable from *Pockette* v. *LaDuke,* 139 Vt. 625, 432 A.2d 1191 (1981), where the assistant judges, sitting improperly, prevailed over the presiding judge. The authority of that case should be limited to situations where improper constitution of the court may have affected the eventual result. See *Maskell* v. *Beaulieu,* 140 Vt. 75, 435 A.2d 699 (1981). No such influence is indicated here, where only a legal ruling as to summary judgment is involved.

*Id.*

The Court has taken a similar position in the analogous area of tax appeals where 32 V.S.A. § 4461(a) provides:

> The appeal to the superior court shall be heard by the presiding judge, sitting alone and without jury.

This language is comparable to that of 4 V.S.A. § 111(a), which states that "[i]n claims for equitable relief . . . , trial shall be by the presiding judge sitting alone."

In the tax appeal case of *Monti* v. *Town of Northfield,* 135 Vt. 97, 369 A.2d 1373 (1977), this Court dealt with the presence of assistant judges in the following terms:

> It is, of course, true that the procedure for hearing property tax appeals established by 32 V.S.A. § 4461(a) requires that the matter be "heard by the presiding judge, sitting alone and without a jury." Further, 32 V.S.A. § 4467, dealing with the manner in which appeals

are to be conducted, refers to the determining body as "the court of chancery." Historically, prior to the passage of 4 V.S.A. § 219 vesting the rights, duties and powers of a chancellor in the presiding judges of the superior courts, jurisdiction conferred in the court of chancery was deemed vested exclusively in a single chancellor. *Turner* v. *Bragg*, 113 Vt. 156, 159, 30 A.2d 450 (1943). Enactment of 4 V.S.A. § 219 continued this practice in respect to those matters falling within the purview of the courts of chancery. Obviously, then, the presence of the assistant judges in this particular jurisdictional area was unnecessary and should be regarded as surplusage. *Villeneuve* v. *Bovat*, 128 Vt. 345, 346, 262 A.2d 925 (1970). Even if the presence of the assistant judges was erroneous, defendant has failed to show how such error has harmed it in any way. The defendant is obliged to establish that the alleged error was prejudicial and injured its rights. (Citations omitted.)

*Id.* at 99, 369 A.2d at 1375.

Equity courts historically have had authority to use advisory juries to hear issues of fact and, upon receipt of their verdicts, either to accept or disregard and override them. *Adams* v. *Soule*, 33 Vt. 538, 540 (1860) ; 27 Am. Jur. 2d *Equity* §§ 238–244. This procedure has been carried forward into modern rules of practice, and is currently embodied in V.R.C.P. 39(c).

Further, since 1878 a chancellor has had discretion to refer a cause to a special master for hearing. No. 17 of the Acts of 1878. The special master, after hearing the evidence out of the presence of the court, would submit his report to the chancellor for decision. This procedure has likewise been carried forward and included in the present civil rules. V.R.C.P. 53.

In light of the precedents of this Court and the historical equitable practice of holding hearings before advisory juries and special masters, I fail to see how the mere presence of assistant judges at the trial of an equitable action can constitute error per se. Unless there is a showing of harm or prejudice (see *Nugent* v. *Shambor, supra,* 138 Vt. at 199, 413 A.2d at 1213 (Billings, J., concurring, joined by Justice Hill)),

their presence and their signatures on the findings and order of the court are harmless and should be treated as surplus. *Swanson* v. *Bishop Farm, Inc., supra; Braun* v. *Humiston, supra; White Current Corp.* v. *State, supra; Kelly* v. *Rhodes, supra; Villeneuve v. Bovat, supra.*

Plaintiffs herein claim no prejudicial error from the presence of the assistant judge, and a review of the record reveals none. There has been insufficient showing to warrant reversal on jurisdictional grounds.

As a result of the action taken by the majority today, I forsee much frustration ahead for many litigants and lawyers, not to mention undue expense and wasted time and effort. The judicial system itself will suffer from the added burdens imposed upon it by retrials mandated by this decision.

When Vermont adopted the Rules of Civil Procedure in 1971, it sanctioned a change in its pleading practice, proclaiming that there would henceforth be "one form of action." V.R.C.P. 2. Procedurally, law and equity have been merged. "[S]ince July 1, 1971, equity is no longer a distinct action," *Wells* v. *Village of Orleans, Inc.*, 132 Vt. 216, 219, 315 A.2d 463, 465 (1974), and equitable and legal claims are now lumped together in a single pleading. Today's decision means that whenever a whiff of equity appears in any complaint that case will have to go before a judge sitting alone; any miscalculation as to whether a case is to be treated as one at law or in equity will automatically mean a retrial, with a concomitant waste of time and money to litigants and an already too busy judiciary.

The majority decision is a step backward, an anomalous step for a judicial system that is making great strides in modernizing its procedures. Pandora's box has been opened. The troubles contained therein will soon appear.

I am authorized to say that Justice Hill joins in this dissent.