Betty J. Melen, Doris Grabowski, Christopher, Sean and David Yolish by Doris Grabowski, Guardian Ad Litem, Peter, Raymond S. and Earl Jasmin and Barbara Jasmin v. First Vermont Bank & Trust Company, Lillian Sleeman a/k/a Lillian Seward, Mary Ellen Franzoni and Douglas Franzoni

### In re Estate of Raymond S. Seward

[475 A.2d 237]

Nos. 82-475 and 82-476

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed March 2, 1984

Appellee's Motion for Reargument Denied March 27, 1984

*Otterman and Allen,* P.C., Bradford, for Plaintiffs-Appellants Jasmin.

*Dick, Hackel & Hull,* Rutland, for Appellee/Cross-Appellant Seward.

**Underwood, J.** This appeal challenges a judgment of the Rutland Superior Court involving the estate of Raymond S. Seward. The superior court was presented with an appeal from an order of the Rutland District Probate Court that allowed Raymond Seward's will. It also had before it for consideration a petition for declaratory judgment, in which appellants challenged the validity of Raymond Seward's marriage and the

validity of a trust amendment executed by him. The probate appeal and the declaratory judgment action were consolidated below. V.R.C.P. 42(a). A jury was drawn to hear the de novo trial of the probate appeal. Following that phase of the consolidated proceedings, the court directed a verdict allowing the will. That decision is not challenged on appeal.

We must, however, reverse and remand the declaratory judgment. The record indicates that the one available assistant judge participated in the hearing on the petition for declaratory relief involving the trust and the marriage. Equity has jurisdiction to hear and determine matters relating to trusts. *Wade* v. *Pulsifer,* 54 Vt. 45, 69 (1881) ; *Congdon* v. *Cahoon,* 48 Vt. 49, 52 (1875). "Trusts are, and have been since they were first enforced, within the peculiar province of courts of equity." 3 A. Scott, Scott on Trusts § 197, at 1625 (3d ed. 1967) ; see G. Bogert, The Law of Trusts and Trustees § 870 (rev. 2d ed. 1982).

Since the petition below asked for a declaration on the validity of the trust as well as the marriage, the superior court's equitable jurisdiction was invoked. The court that sat and heard this petition and that signed the findings, conclusions and judgment was comprised of the presiding judge and one assistant judge. Under 4 V.S.A. § 219 we have held that such a court is without jurisdiction to hear a matter in equity. *Soucy* v. *Soucy Motors, Inc.,* 143 Vt. 615, 471 A.2d 224 (1983) ; *Pockette* v. *LaDuke,* 139 Vt. 625, 627, 432 A.2d 1191, 1192 (1981).

*Reversed and remanded as to the declaratory judgment determining the validity of the trust and marriage.*

**Billings, C.J.,** dissenting. I disagree that the appeal relative to the validity of the marriage and trust must be reversed pursuant to our holding in *Soucy* v. *Soucy Motors, Inc.,* 143 Vt. 615, 471 A.2d 224 (1983).

The question of the validity of the marriage, being legal in nature, was heard by a properly constituted court. It is also true that equity has jurisdiction to hear and determine matters relating to trusts, *Wade* v. *Pulsifer,* 54 Vt. 45, 69 (1881), and that under *Soucy,* an assistant judge may not hear matters of

an equitable nature. In the instant case, however, the presiding judge stated in his findings of fact that:

> Assistant Judge Gilbert sat on the jury trial and the trial of the remaining evidence to the court because of consolidation for trial of both actions. All findings of fact relevant to trust issues are those of the presiding judge alone. To the extent a finding relates to both equitable and law fact issues the finding was unanimous.

The record clearly shows that all equitable issues were resolved by the presiding judge without the assistant judge. A remand for a new trial represents a hollow and overburdened interpretation and application of *Soucy*. On the facts of this case, I think the trial court had proper jurisdiction.