## Vermont Division of State Buildings v. Town of Duxbury

[475 A.2d 235]

No. 83-174

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed March 2, 1984

*John J. Easton, Jr.,* Attorney General, and *Elizabeth D. Anderson,* Assistant Attorney General, Montpelier, for Plaintiff-Appellant.

*Robert J. Kurrle* and *Michael Carver,* Montpelier, for Defendant-Appellee.

**Per Curiam.** After this case was argued, the Court issued its decision in *Soucy* v. *Soucy Motors, Inc.,* 143 Vt. 615, 471

A.2d 224 (1983). *Soucy* holds that, in an equitable action where jurisdiction is properly before a superior judge sitting alone, "[t]he presence of even one assistant judge during the . . . hearing [is] reversible error, since the court, as constituted, [has] no jurisdiction to hear the case." *Id.* at 620; 471 A.2d at 227.

The instant case, a tax appeal, was heard before the presiding superior judge and two assistant judges. 32 V.S.A. § 4461(a) provides that an appeal from a decision of the board of civil authority may be taken either to the director, division of property valuation and review, or to the superior court and that, when taken to the superior court, it "shall be heard by the presiding judge, sitting alone and without jury." Previously, this Court has held that, in the absence of a showing of prejudice, the presence of assistant judges at a tax appeal was harmless error. *Monti* v. *Town of Northfield,* 135 Vt. 97, 99, 369 A.2d 1373, 1375 (1977). However, under *Soucy,* such may no longer be permitted, even in the absence of a showing of prejudice, since jurisdiction over the subject matter of a controversy cannot be conferred either by waiver or by the consent of the parties. *Suitor* v. *Suitor,* 137 Vt. 110, 111, 400 A.2d 999, 1000 (1979); *Lafko* v. *Lafko,* 127 Vt. 609, 612, 256 A.2d 166, 168 (1969); V.R.C.P. 12(h)(3).

Historically, from the inception of the tax appeal process in 1910, No. 40, § 1, the sole avenue of appeal was to the commissioner of taxes. In 1970, the legislature gave the appealing party a choice of appealing "either to the commissioner or to the court of chancery." 1969, No. 253 (Adj. Sess.), § 1. Although the court of chancery has since been incorporated into the superior court, 1971, No. 185 (Adj. Sess.), § 236(a); 1973, No. 193 (Adj. Sess.), § 3, the legislature has never removed tax appeals from the equitable jurisdiction of the superior court. Accordingly, this matter having been heard below by an improperly constituted court that was without jurisdiction to hear it, *Soucy* v. *Soucy Motors, Inc., supra,* the judgment must be reversed and the cause remanded for trial before a properly constituted court.

*Reversed and remanded.*

**Billings, C.J.,** concurring. Although I concur with the majority's result, I do not believe that its ruling is mandated by our holding in *Soucy* v. *Soucy Motors, Inc.,* 143 Vt. 615, 471 A.2d 224 (1983). 32 V.S.A. § 4461(a) is plain and unambiguous; the legislature established a specific tax appeal court in the superior court wherein "[t]he appeal . . . shall be heard by the presiding judge, sitting alone and without jury." 32 V.S.A. § 4461(a). This language, and not *Soucy,* clearly requires that the instant tax appeal be tried again because the court below was not properly constituted.

Additionally, insofar as *Monti* v. *Town of Northfield,* 135 Vt. 97, 369 A.2d 1373 (1977), is inconsistent with the Court's holding here, it should be overruled.