Arthur J. Beshaw v. A. James Walton, Commissioner, Department of Corrections, et al.

[475 A.2d 1084]

No. 83-228

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed March 30, 1984

*Andrew B. Crane*, Defender General, and *Stephen W. Gould*, Defender, Correctional Facilities, Montpelier, for Plaintiff-Appellant.

*John J. Easton, Jr.*, Attorney General, Montpelier, and *Alan B. Coulman, Susanne R. Young* and *Steven D. Vogl*, Assistant Attorneys General, Waterbury, for Defendants-Appellees.

**Per Curiam.** Cause reversed and remanded for further proceedings before a properly constituted court. *Soucy* v. *Soucy Motors, Inc.*, 143 Vt. 615, 471 A.2d 224 (1983).

**Billings, C.J.,** dissenting. I would affirm the trial court's denial of the petition. The petitioner, a Vermont prisoner serving his sentence in a federal prison, petitioned the superior court for declaratory and injunctive relief pursuant to Vermont's declaratory judgment act, 12 V.S.A. §§ 4711–4725 and

V.R.C.P. 57 and 65. He sought a transfer from his out-of-state confinement to a Vermont prison.

In my opinion, the judgment here was proper regardless of whether the trial court consisted of a presiding judge sitting alone or with the presence of the assistant judges. See *Soucy v. Soucy Motors, Inc.*, 143 Vt. 615, 471 A.2d 224 (1983). This is a collateral attack on the sentence, and the legislature has provided a specific post-conviction relief statute, 13 V.S.A. § 7131, for this type of action. Post-conviction relief may include remedies short of full release from custody. *Sherwin* v. *Hogan*, 136 Vt. 606, 608, 401 A.2d 895, 896 (1979). Where, as here, a specific procedure has been provided by the legislature to address a singular problem, I do not think the declaratory judgment act should be used to frustrate that legislative choice. Cf. *Trivento* v. *Commissioner of Corrections*, 135 Vt. 475, 478, 380 A.2d 69, 71–72 (1977).

The trial court reached a supportable result, albeit for the wrong reason. *Rutz* v. *Essex Junction Prudential Committee*, 142 Vt. 400, 414, 457 A.2d 1368, 1375 (1983).